———————o———————

## THE JORDAN DITCHING AND DRAINING ASSOCIATION *v.* WAGONER.

DRAINING ASSOCIATION.—*Assessment.*—Suit by a ditching association, to enforce a lien for benefits assessed to the defendant's land, the assessment on which the suit was founded commencing thus: "A schedule of lands and assessments of *benefits* to same caused by the construction of the ditch contemplated to be constructed by," &c. Appended to the assessment was an affidavit of the appraisers, that the "foregoing is a true and correct assessment of wet lands," &c.

*Held*, that this sufficiently appeared to be an assessment of *benefits*.

The Jordan Ditching and Draining Association *v.* Wagoner.

SAME.—*Description of Land.*—The description of the defendant's land in said assessment was by abbreviations and figures, as follows: "Matthias Wagoner S. E. ¼ of N. W. ¼ Sec. 18, T. 21, N. R. 7 E., 40 acres."
*Held*, that this was a sufficient description.
SAME.—*Complaint.*—*Description of Drain.*—In such an action the complaint need not contain the articles of association or allege their substance; nor is it necessary for the complaint or assessment to describe the ditch in any manner.

APPEAL from the Madison Common Pleas.

FRAZER, J.—This was a suit by a ditching association, to enforce a lien for benefits assessed against the appellee's lands. The assessment upon which. the suit was founded was as follows: "A schedule of lands and assessment of *benefits* to the same caused by the construction of the ditch contemplated to be constructed by the Jordan Ditching and Draining Association, all of which lands are situated in Madison county, and State of Indiana, and appraised by James M. Dehority, Eli Davis, and Charles O. McClade.

     *    *    *    *    *    *

Matthias Wagoner S. E. ¼ of N. W. ¼ Sec. 18, T. 21, N. R. 7 E., 40 acres.   -    -    -    -    $35.00."

Appended to it was an affidavit of the three persons named as appraisers, that the "foregoing is a true and correct assessment of wet lands," &c.

The court below held this to be insufficient. Two defects are suggested in argument: 1. That the description of the tract of land was insufficient. 2. That it does not appear to be an assessments of benefits. Of the first objection it is sufficient to say that the description would be good in a deed or mortgage, the abbreviations being as well understood in this State as the words for which they stand. The second is sufficiently answered by reading the instrument.

The appellee also suggests that either the complaint, or articles of association, or assessment, should show the beginning and terminus of the ditch. Upon the demurrer to the complaint, which does not, in this case, and need not, contain the articles of association, or allege their substance,

it is hardly proper for this court to express an opinion as to what they should contain. We know of no good reason requiring the complaint or assessment to describe the ditch in any manner. In *West* v. *The Bullskin Prairie Ditching Co.*, 19 Ind. 458, a reason was given for it which will not bear close examination, viz., that the defendant may be able to answer that the drain was not of public utility, or of private benefit to him, if such is the fact. But what is to hinder the defendant from describing the ditch himself? We do not understand that a plaintiff need do more, by his complaint than state facts enough to constitute a cause of action in his favor against the defendant, to be safe from a demurrer for the want of sufficient facts. The assessment is sufficient, *prima facie*, for his purpose, and it is not the office of a complaint to do more than show a cause of action. The defendant must then meet it in his own way, and the law provides him with abundant methods of ascertaining whether or not he has a good defense. It is no more required of a plaintiff that his complaint shall aver matters necessary to enable the defendant to know what defense he ought to make, than it is that he shall furnish the latter the names of witnesses by whom his defense can be proved. Each party is by the rules of pleading left to make his own case upon the record, and is only required to state it with such clearness that his antagonist may know what he has to meet.

Indeed, in some cases expensive surveys must precede the location of the works and determine their description. We know of no law which requires that all this outlay shall occur before the collection of assessments, and before suit can be maintained against persons to be benefitted.

Reversed, with costs, and remanded, with directions to overrule the demurrer to the complaint.

*W. R. Pierse* and *H. D. Thompson*, for appellant.

*J. W. Sansberry*, for appellee.