THE EXCELSIOR DRAINING COMPANY v. BROWN.

PLEADING.—*Draining Company.*—*Copy of Articles.*—A copy of the articles of association of a draining company does not properly form a part of a com-plaint in an action by the company to collect an assessment; and where such copy is filed with the complaint, a demurrer to the complaint does not pre-sent the question of the sufficiency of the articles of association.

APPEAL from the Cass Circuit Court.

DOWNEY, J.—This was an action by the appellant against the appellee to recover the amount of an assessment of benefits to his lands from the construction of a drain. It is stated in

the complaint that the plaintiff is a corporation formed in pursuance of a law of the State, approved June 12th, 1852, entitled an act to authorize the construction of levees and drains, and the acts amendatory of the same; that the plaintiff caused its articles of association to be recorded, etc., on the 14th day of August, 1867. A copy of the articles of association, it is stated, is filed with the complaint, and made part of it. It is further stated that the board of directors of said company, having determined to construct a drain, pursuant to said articles of association, did, on the 2d day of September, 1867, apply to the board of commissioners of said county of Cass to appoint three appraisers, not members of said association, nor in any way interested in said proposed work, pursuant to the requisitions of the law in that case made and provided, to examine all the lands liable in any way to be affected by said proposed work, and to make out a list of the same, and to assess the amount of benefits and injury to each tract of land, and to make out a schedule thereof, with their assessment, aforesaid; and to append thereto their affidavits that the same was, in all respects, a true assessment, to the best of their judgment and belief; that on presentation of their petition to the board of commissioners, three commissioners were appointed for the purpose aforesaid; that the appraisers so appointed met at a designated place, and a time stated, pursuant to public notice, and proceeded, according to their said instructions, adjourning from time to time, to examine all the lands liable in any way to be affected by said proposed drain; and did, on the 2d day of November, 1867, make out and subscribe a list of said lands, and did assess the amount of benefits to each tract of land, finding no injury to any tract, and therefore assessing no injury in any case; and did then make out and append a schedule of such benefits to each tract of land and of their assessment to each tract of land; and after subscribing the same, did then append their affidavit to said list and schedule, that the same was a true list and schedule

of the lands benefited by said drain; and that the same was in all respects a true assessment of benefits upon all and singular said lands, to the best of their judgment and belief; and that there were no injuries to be assessed on account of the construction of said drain; which said affidavit was made before the clerk of the circuit court; a copy of the list and schedule and of the affidavit so appended is filed with the complaint and made a part of the same. It is further stated that the defendant is the owner of west half of the northwest quarter of section twenty-nine, township twenty-eight, of range one east; and that said tract of land was assessed by said appraisers the sum of two hundred dollars, as the amount of the benefits from the construction of said drain; that the said appraisers filed with the clerk of the board of directors of said company the said list and schedule and affidavit, which clerk caused the same to be recorded in the recorder's office of said county of Cass, on the 9th day of November, 1867, in, etc. And the plaintiff avers that the defendant lived in said county at and during the whole time that the aforesaid proceedings transpired, and that notice was given to him personally by the clerk of said board of directors of said company, of the time of making the said assessment. It is also alleged that all the lands so assessed, as aforesaid, including those of the defendant, lie in said county of Cass; that the said board of directors did, on the 2d day of December, 1867, make the following order in relation to the payment of the aforesaid assessment, to wit: It was then ordered by said board that one-half the sum assessed against each person should be paid to the treasurer of said company, on the 25th day of December, 1867, and the remaining half on the 1st day of May, 1868; payments to be made in cash, except in such cases as persons assessed should choose to construct the drain, according to the survey and specifications, through their own lands; in which case they should be credited, etc.; that the defendant has done no ditching upon said work entitling him to any credit upon his said assessment; that pursuant to said order of the

board of directors, there became and was due from the defendant, on the 25th day of December, 1867, the sum of one hundred dollars, being one-half of said assessment made against him and his said land, in manner and form aforesaid; that on the 27th day of December, 1867, the treasurer of said company demanded of the defendant the payment of said sum of one hundred dollars, which was refused; that on the 1st day of May, 1868, there was due from the defendant the remaining half of said assessment made against said land; which latter half, as well as said first instalment, the treasurer of said company personally demanded on the 27th day of June, 1868, of the defendant, before the commencement of this suit.

That at the June session of the board of commissioners of Cass county, the said board of directors of said association executed a bond to the State of Indiana, with surety, approved by said board of commissioners, in double the amount of the estimate of the cost of construction of said work, conditioned for the faithful application of all moneys received by them to the construction of said work, or other legitimate objects of the association, for which said association was organized, according to the provisions of the act approved June 4th, 1861, entitled an act, etc. And the plaintiff further says that there is now due her, by reason of premises, the said two instalments of the said assessments, with interest thereon from the dates at which said several instalments fell due; which amount so due is two hundred dollars, and which amounts were demanded after said bond was so given, and which is now due and wholly unpaid, and for which said plaintiff demands judgment, and that the same be enforced against the land so assessed, and that said land, or so much thereof as may be necessary, be sold by order of the court for the payment of said sum of two hundred dollars, with interest and costs, and for other proper relief.

There was a demurrer to the complaint, for the reason that it did not state facts sufficient to constitute a cause of action; and the demurrer was sustained, and the complaint

held insufficient and bad.   The plaintiff excepted, and, after final judgment against it, appealed to this court.

The only error assigned is, that the court improperly sustained the said demurrer to the complaint.

We are informed in the briefs of counsel that the demurrer was sustained on the ground that the drain proposed to be constructed was not sufficiently described in the articles of association.

In *The Jordan Ditching and Draining Association* v. *Wagoner*, 33 Ind. 50, it was held by this court that the complaint in an action to enforce the payment of an assessment of benefits in favor of a draining association need not contain the articles of association of the company, or even allege their existence, nor need the complaint or assessment describe the ditch in any manner.   If it is not necessary for the complaint to contain the articles of association, or to allege their existence, then it is not proper to incumber the record with them by filing them, or a copy of them, with the complaint; and they do not become a part of the complaint by such filing, although it is said in the complaint that they are made part of it.   It is provided in the code of civil practice, section 78, 2 G. & H. 104, that "when any pleading is founded on a written instrument or on account, the original or a copy thereof must be filed with the pleading."   It is very clear, and it has been often decided by this court, that it is only where the instrument is the cause of action, or the ground of defence, or reply, that it need be filed with the pleading.   It is provided in the same section that any variance between any pleading and copy of a written instrument filed, as to matter of description, or legal effect, may be amended at any time as of course, before judgment, without causing a continuance; but it is nowhere provided, nor can it be held, that the filing of a written instrument, or a copy of it, can be regarded as supplying the place of an essential allegation in the pleading; and this is true, although the instrument or copy be said to be made a part of the pleading.   In good pleading, facts are alleged, and not circum-

stances or evidence tending to establish the existence of such facts. Stephen Pl. 342.

Being of the opinion, then, that the articles of association were not a part of the complaint, the demurrer did not present the question as to their sufficiency, and was improperly sustained. Upon a careful examination of the complaint, we are of the opinion that it is sufficient.

The judgment is reversed, with costs, and the cause remanded.

*D. B. McConnell* and *H. C. Thornton*, for appellant.

*D. P. Baldwin* and *D. C. Justice*, for appellee.