The ETCHISON DITCHING ASSOCIATION *v.* BUSENBACK.

DRAINING ASSOCIATION.—*Suit on Assessment.*—*Defect in Articles of Association.*—In a suit by a draining association to compel the payment of an assessment made upon the lands of the defendant, the articles of association are not properly part of the complaint, and if it be attempted to make them a part thereof, advantage cannot be taken of a defect in them by demurrer.

APPEAL from the Madison Circuit Court.

DOWNEY, J.—This was a suit to compel the payment of an assessment made on the lands of the appellee in favor of said draining association. The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and his demurrer was sustained. The plaintiff excepted, and appealed to this court, and has here assigned this ruling of the court for error.

The only point discussed by counsel is, whether the description of the drain in the articles of association is sufficiently definite or not. Counsel for the appellant contend that it is, while counsel for the appellee insist that it is not.

The question is supposed to be before us, because a copy of the articles of association is filed with the complaint and referred to therein.

It was held by this court, in *The Jordan Ditching and*

*Draining Association* v. *Wagoner*, 33 Ind. 50, that in an action like this, the complaint need not contain the articles of association, or allege their substance; and in *The Excelsior Draining Co.* v. *Brown*, 38 Ind. 384, it was decided that the articles of association are not made a part of the complaint by the filing of a copy thereof with the complaint, and referring to it in the complaint. The action is not founded on the articles of association, and they are neither necessarily nor properly made a part of it.

It being conceded that the demurrer was sustained to the complaint for a matter thus entirely outside of it, and there being no objection shown to the complaint itself, the demurrer was improperly sustained.

· The judgment is reversed, with costs, and the cause remanded.

*M. S. Robinson* and *W. March*, for appellant.

*J. W. Sansberry*, *E. B. Goodykoontz*, and *D. Moss*, for appellee.