THE PIGEON CREEK DRAINING ASSOCIATION *v.* LAGRANGE.

DRAINING ASSOCIATION. — *Appraisers.* — *Schedule.* — Lands not liable to be affected at all, either beneficially or injuriously, along the line of a proposed drain, are not required to be returned by the appraisers appointed to make a schedule; and if no lands are injured, the appraisers may so declare in their return, and if in such case the schedule returned contain all the lands benefitted it will be sufficient.

SAME.—*Notice, Informal or Irregular.*—*Recording.*—If the notice of the time and place, when and where the appraisers will begin the examination of the lands, be informal or irregular, still it does not invalidate the assessment, when the amount thereof is clearly set forth in the appraisers' schedule, which is properly recorded, due notice thereof being given.

APPEAL from the Gibson Common Pleas.

WORDEN, J.—This was an action by the appellant against the appellee, to collect an assessment by enforcing the lien thereof upon the land of the appellee. A demurrer to the complaint, for want of sufficient facts, was sustained, and the appellant excepted. Final judgment for the defendant.

The complaint, it seems to us, states all the facts necessary to a recovery. Indeed, it shows a much stricter compliance with the law than is usually met with in such cases. It shows that the plaintiff is a duly organized corporation, under the act of 1869, 3 Ind. Stat. 222, for the construction of the ditches and drains mentioned; that the company appointed an engineer, who made an estimate of the cost of

constructing the drains, which were located by the company, and are fully described; that appraisers were duly appointed to assess the benefits and injuries, who, upon due notice having been given, proceeded to the discharge of their duty, and returned their assessment, which was recorded in the proper recorder's office, and due notice thereof given. It appears that the benefits assessed exceed the estimated cost of construction, and that the sums sought to be collected are necessary for the work. It appears, also, that the corporation has given bond, as required by the statute, and that the directors have made the proper order for the collection of the assessments.

Two objections are made to the proceedings; first, that, the schedule of assessments returned is insufficient; and, second, that the notice of the time and place, when and where the appraisers would begin the examination of the lands, was insufficient.

The return of the appraisers commences as follows:

"To the Secretary of The Pigeon Creek Draining Company. The undersigned appraisers of the Pigeon Creek Draining Company, appointed by the Honorable John Baker, judge of the Gibson Circuit Court, having examined all the lands in Gibson county, the intrinsic or market value of which will, in their opinion, be affected by the construction of the proposed work of said company, or which is supposed by them to be liable to be affected thereby, and having assessed to each of said tracts the full and entire assessment of the benefit which it will, in their opinion, receive, do return the following schedule of said lands, with the amount of the said benefits placed opposite to each tract thereof, to wit." Here follows a description of over thirty tracts, of forty acres each, with the assessment upon each tract, including four belonging to the defendant. It should be observed, perhaps, that there is a separate paragraph in the complaint, based upon the assessment upon each tract. The assessment then concludes as follows: "And they further find, upon their said ex-

amination, that, in their opinion, no injury will be sustained by any tract of land. They therefore return to you the foregoing as a full and complete schedule of all of the lands by them supposed to be affected by the works proposed to be constructed, with the amount of benefits which each tract will receive."

The objection to the assessment, as we understand the brief of counsel, is, that there was not a separate assessment of benefits and injuries. They say, after quoting a part of section six of the act on the subject, that, "the intention was, manifestly, that the appraisers should assess each tract separately, both as to benefits and injuries, in order that no careless or hasty assessment might be made to work injustice."

Lands not liable to be affected at all, either beneficially or injuriously, are not required to be returned; and if no lands are injured, and if the schedule returned contains all the lands benefited, there can be nothing further to schedule or return. If no lands are injured, we think the appraisers may say so in their return, as they have done in this case, for there can be nothing further for them to say on the subject.

We are of opinion that the return of the appraisers is in substantial compliance with the statute, and valid.

We pass to the second objection. The notice in question is as follows:

"To THE PUBLIC.

"Notice is hereby given to the owners of land liable to be affected by The Pigeon Creek Draining Company, and to all persons interested, that appraisers, duly appointed for the purpose of assessing the benefits and injuries caused by the work of said company, will meet at the residence of Baily Williams, on Tuesday, the 12th day of July, 1870, and begin the examination of the lands liable as aforesaid, and the assessment of benefits and injuries thereto resulting from said work, commencing with the lands in the north-east corner of the south-east quarter of section No. 11, township 3, range 11 west, and proceeding in a westerly direction as far west and south as the lands liable as aforesaid extend;

thence returning and extending said examination and assessment as far north and east as will.enable them fully to complete such examination and assessment in the manner contemplated by law." This notice was signed by the president and secretary of the company, and published, as required by the ninth section of the statute above cited. No objection is pointed. out to this notice, except that it is "exceedingly indefinite."

The notice seems to us to be in substantial compliance with the ninth section of the statute; but if informal or irregular, the defect cannot invalidate the assessment, under the provisions of the fifteenth section of the act.

We are of opinion that the court below erred in sustaining the demurrer to the complaint.

. The judgment below is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.

*W. M. Laud* and *D. F. Embree*, for appellant.
*A. C. Donald* and *C. A. Buskirk*, for appellee.

