BANNISTER *v.* THE GRASSY FORK DITCHING ASSOCIA-
TION.

DRAINING ASSOCIATION.—*Assessment.*—*Pleading.*—In an action by a drain-
ing association to enforce payment of an assessment on the land of one
not a member of the association, to aid in the construction of a ditch,
under the law of 1869, it is not necessary that the complaint should
describe the beginning, course and termination of the ditch, or show that
the company divided the work into sections before its actual construction
was begun, or that with such complaint should be filed the notice of
the assessment, or the notice required to be posted in the recorder's office
by the secretary of the company, or the order of the board of directors
fixing the per cent. of the assessment which each person assessed shall pay.

SAME.—*Schedule.*—The appraisers of benefits and injuries to lands occa-
sioned by the construction of such ditch should, in their schedule and
appraisement, show that they have included therein all lands, the intrin-
sic or market value of which will, in their judgment, be liable to be
affected by the construction of the proposed work; and where, in their
schedule and appraisement, the appraisers included merely certain lands
which they alleged would be benefited, without showing that they were
all the lands that would be benefited, and .without showing whether any
lands would be injured or not, such appraisement was invalid.

SAME.—*Description of Land.*—*Judicial Notice.*—Where, in the description of
land in an assessment made thereon to aid in the construction of a ditch
by a draining association, it does not appear in what county the land is.
situated, the court may know judicially, from the congressional survey,
that it is in a certain county.

SAME.—*Notice of Assessment.*—Actual notice to a land-owner, not a member

Bannister *v.* The Grassy Fork Ditching Association.

of such association, of the time and place of making such an assessment is not necessary. The notice may be given in a newspaper.

SAME.—*Answer.* — *Change of Appraisement.* — In an action to recover the amount of such an assessment, an answer alleging that, after the appraisement of benefits was made and returned by the appraisers, it was changed by altering assessments from less sums to larger ones, and from larger to less, without any meeting of the appraisers to equalize the same, or any advertisement for such meeting, but not showing that the defendant was injured by what was done, was bad on demurrer.

SAME.— *Evidence.* — *Appointment of Assessors.*—Where an appointment of assessors was made by a judge in vacation, written on the petition or on a separate paper and signed by the judge, and was not filed in court; *Held,* that it was not admissible in evidence, over objection, without proof of its genuineness.

PLEADING.—*Demurrer.*—There is no available error in sustaining a demurrer to a paragraph of an answer which amounts to no more than a general denial, when there is a remaining paragraph of general denial.

From the Grant Circuit Court.

*A. Steele* and *R. T. St. John,* for appellant.

*VanDevanter & McDowell* and *D. V. Burns,* for appellee.

DOWNEY, J.—This action was brought to enforce the payment of an assessment made upon the land of the appellant for the construction, in part, of the ditch being made by said association under the law of 1869. A demurrer to the complaint was filed by the defendant, on the ground that it did not state facts sufficient to constitute a cause of action, and overruled by the court. Exception was taken to this ruling.

The defendant then answered by the general denial and five special paragraphs.

The plaintiff demurred to the special paragraphs separately, on the ground that they did not state facts sufficient to constitute a defence to the action, and the court sustained the demurrers to the second, third, fifth and sixth, and overruled that to the fourth. Each party excepted. Reply in denial of the fourth paragraph of the answer. The issues were tried by the court, and there was a finding for the plaintiff. A motion by the defendant for a new trial was overruled, and also a motion in arrest of judgment, and there was judg-

ment for the amount of the assessment, and for the sale of the land of the defendant for the payment thereof.

These are the errors assigned by the appellant:

1. Overruling the demurrer to the complaint.

2. Sustaining the demurrer to the second, third, fifth and sixth paragraphs of the answer.

3. Overruling the motion for a new trial.

4. Overruling the motion in arrest of judgment.

The first objection to the complaint, urged by counsel for the appellant, is, that it does not contain a description of the beginning, course and termination of the ditch. This, it is urged, is necessary, when the party whose lands are sought to be made liable is not a member of the association. We think this was unnecessary. *The Jordan Ditching and Draining Association* v. *Wagoner*, 33 Ind. 50; *The Etchison Ditching Association* v. *Busenback*, 39 Ind. 362.

The next objection urged is, that the assessment is invalid, because the schedule does not show whether any lands were injured by the making of the ditch or not. The heading of the schedule is as follows:

"The undersigned, duly appointed by the judge of the court of common pleas of Grant county, Indiana, appraisers to assess each tract of land the benefits and injury that will be sustained by the construction of a ditch by the association or company known as the Grassy Fork Ditching Association, would make the following assessment of benefits and injury to each tract, viz.:" Then follow the names of the owners, the description of the land, and the amount assessed against each tract. There is appended to the schedule an affidavit, as follows:

"We, the undersigned appraisers, being duly sworn, depose and say, that the foregoing assessment is a true, just and fair assessment of all benefits and damages that will accrue to each and every tract of land therein described, as we verily believe."

By the sixth section of the act, the appraisers are required to "examine all lands, the intrinsic or market value of which

may be by them supposed to be liable to be affected by the construction of the proposed work," etc., " and shall make out separate schedules," etc., " of all such lands," etc. In the schedule before us, benefits are assessed against each tract, and injuries to none. By the sixth section of the act, the assessors are required to assess the amount of benefits, without regard to the cost of the work. By the tenth section, it is provided that no more of the assessment shall be collected than shall, in the opinion of the directors, be required for the legitimate purposes of the company in the prosecution of the work.

It seems to us that the schedule in this case fails to show an assessment such as is required by law. The heading shows that it is an " assessment of benefits and injury to each tract," but does not show that the schedule embraces all the land, the intrinsic or market value of which would, in the opinion of the assessors, be liable to be affected by the construction of the proposed work, etc. The affidavit does not aid the schedule. It states that the assessment " is a true, just and fair assessment of all benefits and damages that will accrue to each and every tract of land therein described," but does not show, any more than the body of the schedule, that it contains all the land which it should embrace. The schedule shows nothing as to any lands that will be injured by the proposed work.

The schedule in this case is very different from that which was in question in *The Pigeon Creek Draining Association* v. *Lagrange*, 41 Ind. 272, which was held sufficient. In the schedule in that case, it appeared that all the lands benefited were embraced, and that there were none that would be injured. The schedule before us comes short in both of these respects.

It seems to us that as there is only to be collected so much of the assessment as will, in the opinion of the directors, be required for the legitimate purposes of the company in the prosecution of the work, it is essential that the schedule shall show that it contains all the lands benefited by the construc-

tion of the work.    If any can be omitted, why not a fourth, a third, or the half of them?    In holding the schedule insufficient, on account of its failing to show that it embraces all the lands benefited, we go beyond the objection made by counsel, as that is confined to the omission of any statement as to lands injured.    But the question is before us by the assignment of errors.

The fifteenth section of the act provides that " no informality, irregularity, or omission, which shall have occurred, or which may occur in the organization or proceedings of any company, or in the appointment or proceedings of any of their officers, agents or appraisers, shall affect the rights and privileges of such company, or invalidate the assessment of the appraisers, nor any sale of land which shall be made under any foreclosure of any lien for the assessment thereon, provided the amount of the assessment shall be clearly set forth in the appraisers' schedule, and the schedule shall have been duly recorded, and notice of the recording thereof given as hereinbefore provided."    What effect has this section on the defects which we have found in the schedule?    In our opinion, it cannot have the effect to cure such wide departures from the requirements of the statute as exist here.    We think the schedule and assessment ought to show that the assessors have included all the lands, the intrinsic or market value of which will, in their judgment, be liable to be affected by the construction of the proposed work.    The failure to do this can not be regarded as such an informality, irregularity, or omission as is contemplated by section 15.

The sixth section of the act also contemplates that a schedule of the lands injured and the amount of the injury shall be made separate from the schedule and assessment of the lands benefited.

In *The Jordan Ditching and Draining Association* v. *Wagoner, supra*, it was held that a general statement that no lands were damaged was sufficient.    But even that does not appear in the schedule, etc., in the case under consideration.

It is next objected to the assessment that it does not suffi-

ciently describe the lands of the appellant, on which it is sought to enforce the lien.    The description in the complaint is as follows:  " The northeast quarter of the southeast quarter of section 30, township 23 north, range 7 east."    In the schedule it is as follows:

" John Bannister, northeast southeast section 30, township 23 north, range 7 east.    Benefits to said tract of land, sixty dollars."

The particular objection to the description is, that it does not appear in what State and county it is situated.    We know judicially that the land is in Grant county, from the congressional survey.    *Turpin* v. *The Eagle Creek, etc., Co.,* 48 Ind. 45.    And see *The Jordan Ditching and Draining Association* v. *Wagoner, supra.*    There are other indications that the land is in Grant county, Indiana, although the fact is not expressly stated.

It is next insisted that, as the notice of the assessment was essential to the plaintiff's case, a copy of it should have been filed with the complaint.    We think there is nothing in this objection to the complaint.    The notice is not such an instrument as the statute contemplates.    2 G. & H. 104, sec. 78.

The same may be said as to the notice required to be posted in the recorder's office by the secretary of the company.

We think the same rule applies with reference to the order made by the board of directors fixing the per cent. of the assessment which each person assessed should pay, and that a copy of it need not be filed.

It is further objected to the complaint, that it does not show that the company divided the work into sections before the actual construction of the work was begun, according to section 8 of the act.    We think there is no merit in this objection.

We are next to examine the answers.

The second paragraph alleges that the defendant was not, at any time, a member of the association, and that he never had any actual notice of the time and place of making the

assessment; that the estimate made and returned by the engineer was larger than the aggregate amount of benefits assessed; that no new or re-assessment was made by them or other appraisers, and that he never had any notice whatever of any meeting of said assessors to equalize such assessment.

Our attention is not directed to any authority which will sustain this answer, so far as it relates to a want of actual notice. We do not find that actual notice of the time and place of making the assessment is required. The notice may be given in a newspaper. Section 9.

Section 7 of the act is as follows:

"Sec. 7. Before the actual construction of the work shall be begun, surveys of it, and estimates of its costs shall be made, and the appraisers' schedules of assessments returned to the secretary; and if the estimated cost of the work shall exceed the aggregate amount of the assessments, the work shall not be further prosecuted."

Counsel for appellee say, first, that this paragraph of the answer is no more than the general denial which was in; and, second, that, to make it good, the defendant should have alleged that he was damaged, or likely to be damaged, by reason of the inadequacy of the assessment to complete the work.

The complaint states the amount of the estimate of the cost of construction of the work, and that it was less than the assessments. We think, therefore, that the general denial put the matter in issue, and that the special paragraph of answer on that subject was unnecessary. There was, for this reason, no available error in sustaining the demurrer to it.

The third paragraph of the answer alleges, that the defendant is not a member of the association; that he had no actual notice that the appraisers would, at any time or place, meet to begin and make the assessment; that when said appraisers were on the line of the ditch, on the day named in the notice published in a newspaper in said Grant county, this defendant and others, whose lands have been assessed, were pres-

ent with said appraisers, and asked of them if they were appraising the benefits and damages to their lands; and that said appraisers informed them that they were not assessing benefits and damages to be incurred in consequence of the construction of said ditch, and that thereupon the defendant and others went away and gave no attention to the action of said appraisers; and defendant avers, that if there was any other assessment made by said appraisers, no notice was given of the time and place of making the same.

We are of the opinion that the court committed no error in sustaining the demurrer to this paragraph of the answer. Perhaps the appraisers had completed the assessment before the inquiry was made of them; or perhaps they were then only engaged in making a reconnoisance of the ground preparatory to the making of the particular assessments. There is not enough disclosed, we think, to affect the assessment.

The fifth paragraph of the answer avers, that the defendant is not a member of the association; that the schedule does not contain all the lands benefited by said ditch. The paragraph designates by their proper description one quarter section of land and one forty-acre tract, which are omitted, and gives the names of the owners, which are alleged to be benefited, and are not in the schedule; and that defendant had no actual notice of the time and place of making the assessment.

This paragraph presents the same question, in a little different form, as that considered in speaking of the complaint, and need not be further considered. We need not decide whether, if the schedule, on its face, showed that it embraced all the lands which, in the opinion of the appraisers, were benefited, the fact could be controverted in this way.

The sixth paragraph of the answer alleges, that, after the appraisement of benefits was made and returned by the appraisers, the same was changed, in this, that the assessments were altered from lesser to larger sums, and from larger to lesser sums, without any meeting of the appraisers

to equalize the same, and without any advertisement for such meeting.

We think this answer is bad, for the reason that it does not show that the defendant was in any way injured in consequence of what was done.

The only question presented under the motion for a new trial is, whether the court erred in allowing the plaintiff to introduce and read in evidence the written appointment of the assessors by the judge of the common pleas. A petition to the judge, asking him to appoint the appraisers, was given in evidence. The appointment appears to have been made by the judge at chambers, on a separate paper, or perhaps written on the petition. The objections were, that it was not the best evidence, was not in any manner authenticated, and because the signature of the judge was not proved, he being long since out of office, and because no copy of such appointment had been served on the defendant, was not matter of record in the common pleas court, and was not made a part of the complaint.

The sixth section of the act authorizes the circuit court, or the common pleas, in term, or a judge thereof in vacation, to make the appointment. Was this paper properly admitted in evidence? We think it was not. The appointment of the appraisers was an act done by the judge, out of court. The paper was not filed, or required to be filed, in any court. It seems to us that the genuineness of the paper should have been proved, when the objection was made, before it was admitted in evidence.

The judgment is reversed, with costs; and the cause is remanded, with instructions to sustain the demurrer to the complaint.