Beck v. Tolen.

———————◆———————

BECK v. TOLEN.

DITCHES AND DRAINS.—*Act of 1867.*—*Assessment, where Recorded.*— An assessment against a tract of land, made under the drainage act of March 11th, 1867, Acts 1867, Reg. Sess., p. 186, to aid in the construction of a proposed drain, was required to be recorded, not in the miscellaneous, but in the mortgage, record.

SAME.—*Evidence.*—*Record of Assessment.*— A certified copy of such an assessment, which had been recorded in the miscellaneous record, is not competent evidence in an action to recover the amount of such assessment.

SAME.—*Validity of Assessment.*—An assessment which declares that the appraisers had examined all lands liable to be affected by the construction of

the proposed drain, describing them, and which assesses all the tracts described therein, sufficiently shows the due examination of all lands liable to be so affected.

SAME.—*Complaint.*—*Motion in Arrest.*—Though the complaint in a personal action to recover the amount of the assessment might be insufficient on demurrer, on account of defects in the assessment, it may be sufficient on motion in arrest.

From the Marion Circuit Court.

*C. D. Browder*, for appellant.

*L. M. Campbell*, *R. P. Parker* and *J. B. Elam,* for appellee.

PERKINS, J.—At the March term, 1874, of the session of the board of commissioners of Hendricks county, Indiana, on the petition of William Tolen, said board appointed appraisers to assess the benefits and damages that might result to property owners from the construction of a ditch proposed to be constructed by said Tolen. The assessment was made and recorded. The appraisers assessed two tracts of land owned by David Beck as being benefited, one forty-five, and the other twenty-five, dollars.

There was an appeal to the circuit court of Hendricks county. In that court, at the June term, 1875, the appeal was tried by the court and judgment rendered.

The following is the entry of record in the Hendricks Circuit Court:

" Come the parties by counsel and submit this cause to the court for trial, and, after hearing the evidence, the court finds for the plaintiff, against the defendant, that the real estate of the defendant is benefited by the ditch of plaintiff in the sum of seventy dollars, and that of said amount the sum of forty-five dollars is benefits to the south-east quarter, south-west quarter, section 18, township 17, range 2 east, and the sum of twenty-five dollars is benefits to the north half, north-east quarter, north-west quarter, section 19, township 17, range 2 east, owned by said defendant," Beck. " It is therefore considered by the court, that said

sums so assessed by the court against the lands of said defendant are liens on said real estate. And it is further considered by the court, that said plaintiff recover of said defendant his costs and charges in this behalf," etc.

No appeal was taken from this judgment.

According to the case of *Kellogg* v. *Price*, 42 Ind. 360, it established the validity of the assessment.

At the June term, 1876, of the Hendricks Circuit Court, this suit was commenced by Tolen against Beck, to recover the amount of said assessment. A change of venue was granted to the Marion Civil Circuit Court. In that court Tolen, the plaintiff, had judgment. Beck appealed, and assigned for error in this court:

1. That the circuit court erred in overruling the motion for a new trial;

2. That said court erred in overruling the motion in arrest of judgment.

It was necessary for the plaintiff, on the trial, to give in evidence the assessment, or a legal record, or copy of such a record, of it. This was not done. The assessment was recorded in the miscellaneous record of Hendricks county, and a copy from that record was given in evidence, over the objection of the defendant. The assessment should have been recorded in the mortgage record, and a copy from that record given in evidence. *Gossett* v. *Tolen*, 61 Ind. 388.

As to the motion in arrest of judgment, it is claimed that the assessment which was the foundation of the action was void, and hence that the complaint contained no cause of action. It was necessary that a copy of the assessment should be filed with the complaint. *West* v. *The Bullskin, etc., Co.*, 19 Ind. 458; *Alspaugh* v. *The Ben Franklin, etc., Association*, 51 Ind. 271; *Jerrell* v. *The Etchison Ditching Association*, *ante*, p. 200; and *Busenbark* v. *The Etchison Ditching Association*, *ante*, p. 314.

The first objection to the assessment is, that it failed to show that the appraisers examined all the lands to be affected by the ditch.

The assessment commences thus :

" WILLIAM TOLEN'S DITCH ASSESSMENT.

"A schedule of assessment of benefits to each and every tract of land in any way affected by the construction of a certain ditch in Hendricks county, Indiana, as applied for by William Tolen, at the March term, 1874, of the board of commissioners of Hendricks county, Indiana, notice of the time, place and manner of making said assessment having been given, according to law, to the parties named herein. And we, the undersigned appraisers, having first met on the 8th day of June, 1874, at the point of beginning of said work, five hundred and twenty-six feet east of the south-west corner of the north-east quarter of the south-east quarter of section nineteen, in township seventeen, in range two east, upon examination of the following described lands, did assess to each tract the following amount of benefits, viz. : " Here follows an assessment of benefits to twelve tracts of land, severally, the name of the owner of each tract and the amount assessed upon the tract being given.

The assessment was duly verified.

Benefit was assessed as accruing to each tract.

Section 4 of the act of 1867, which governed this proceeding, is as follows :

" Such appraisers, or any two of them, at the time mentioned in said notice, [shall] meet at the point of beginning of said work, and shall examine all lands in any way liable to be affected by said work, and shall make out a list of the same, and shall assess the amounts of benefits or injury to each tract of land, and shall make out a schedule thereof, with their assessment aforesaid, and shall append thereto their affidavits that the same is in all respects a

true assessment to the best of their judgment and belief, and cause the same to be filed in the recorder's office of the county in which the land is situated, and from which filing said assessment shall be a lien upon said several tracts respectively."

No question is raised in the case as to the suit being personal, and not to enforce the lien upon land.

If all the lands affected by the ditch were examined and assessed, then it follows that all were benefited, and none injured.

The complaint avers that all the lands liable to be affected by the construction of the ditch were examined and assessed; and we think, that, if it was necessary that the written assessment made by the appraisers should state that fact, it does substantially do so in this case. It states, in substance, that they examined all the lands affected, viz.: " The following tracts," etc. And we may ask, was it not a fact in issue upon the trial, whether all the lands affected were assessed ? See *The Nevins, etc., Co.* v. *Alkire,* 36 Ind. 189. And, if they examined all the lands and found them all benefited, there would be none to which to assess damages. *The Pigeon Creek, etc., Ass'n* v. *Lagrange,* 41 Ind. 272.

We think the motion in arrest of judgment was correctly overruled. See cases in 1 Davis' New Ind. Digest, p. 484.

The complaint in this cause was good on motion in arrest; it may be held defective on demurrer.

But, for the error in admitting in evidence a copy of an illegal record of the assessment, the judgment must be reversed and the cause remanded for another trial.

The judgment is reversed, with costs, and the cause remanded, etc.