## THE LIBERTY TOWNSHIP DRAINING ASSOCIATION *v.* BRUMBACK.

DRAINING ASSOCIATION.—*Action by, against Member, for Assessment.—Defence.—Case Distinguished.*—In an action by a draining association, against one of its members, to collect an assessment against his lands for the benefit of the association, his only defence to the assessment is restricted, by section 21 of the act of March 10th, 1873, 1 R. S. 1876, p. 418, to the amount thereof. *Swinney* v. *The Ft. Wayne, etc., R. R. Co.*, 59 Ind. 205, distinguished.

INSTRUCTION TO RETURN PARTICULAR VERDICT.—Where, on the trial of a cause duly put at issue, there is competent evidence other than merely documentary, it is error to instruct the jury to find a verdict for a particular party.

From the Henry Circuit Court.

*M. E. Forkner*, for appellant.

*J. Brown* and *J. M. Brown*, for appellee.

BIDDLE, J.—Complaint by the appellant, against the appellee, to collect the amount of an assessment against the lands of the appellee, for the benefit of the appellant.

Demurrer for want of facts overruled. Exceptions. Answer in seven paragraphs. Separate demurrers to fourth and fifth paragraphs, for want of facts, overruled. Exceptions. Issue ; trial by jury ; verdict for appellee ; and, over a motion for a new trial, judgment on the verdict.

The following points are presented by the record, and discussed by the appellant in the brief of counsel :

1. The alleged error in overruling the demurrer to the fourth paragraph of answer.

This paragraph avers that the appellant did not cause a complete survey of the line of the work to be made, and the estimate of its cost, before the assessment was made, nor cause to be made a proper description and specifications of the drains, and points out several alleged irregularities in the survey.

This is not a sufficient answer. The complaint avers that the " defendant is a member of the association, by virtue of having signed the original articles of association of the plaintiff." In a complaint by the association against one of its members, it is not necessary to set out the organization of the association, nor a description of the drain, nor the survey, nor the estimated costs. By the act of March 10th, 1873, 1 R. S. 1876, p. 424, sec. 21, on an appeal from the assessment to the circuit court, " If the party thus appealing is not a member of the association, he may insist in such appeal upon any legal objection to the assessment, or any part of it; if he is a member of the association, he shall not be allowed to make any objection to the assessment, except such as relates to the amount of the same." As the party against whom an assessment is made, on such appeal, can make no defence to the assessment except such as goes to its amount, it would logically follow, that, when sued upon the assessment, he would be restricted to the same defence; for it would be useless to restrict him to such defence, on appeal from the assessment, and afterwards allow him to set up any defence to the association of which he is a member, when sued to recover the amount of the assessments. *Large* v. *The Keen's Creek Draining Co.*, 30 Ind. 263; *The Jordan Ditching, etc., Ass'n* v. *Wagoner*, 33 Ind. 50; *The Excelsior Draining Co.* v. *Brown*, 38 Ind. 384; *The Etchison Ditching Co.* v. *Busenback*, 39 Ind. 362; *Bannister* v. *The Grassy Fork Ditching Association*, 52 Ind. 178.

2. The fifth paragraph of answer avers, that the plain-

tiff has not constructed the ditch according to the articles of association and specifications, and has not dug said ditch the depth nor width therein named, but has abandoned the work in an unfinished condition, and that the ditch will be of no benefit to the defendant.

This paragraph does not allege facts, but conclusions from facts. It is not well pleaded, and, being pleaded by a member of the association, is insufficient; nor do we mean to say that it would be good if pleaded by a stranger.

3. At the trial, the court instructed the jury as follows:

" Gentlemen of the jury : It is your duty, under the evidence, to return a verdict for the defendant."

Such an instruction might be upheld if given in a case where there was no evidence at all before the jury, or where the evidence was all documentary or written, and of such a character as to require the court to give it a legal construction; but in this case, where the pleadings put in issue the existence of the assessment and the fact whether the defendant was a member of the association or not, the instruction was erroneous. We can not see what the views of the court below were, unless it held that the proceedings establishing the drain were void. We can not view them in that light.

The counsel for the appellee insist, in their brief, that the complaint is insufficient; but there is no assignment of error presenting the sufficiency of the complaint as a question for our consideration.

This case should be distinguished from the case of *Swinney* v. *The Fort Wayne, Muncie and Cincinnati R. R. Co.*, 59 Ind. 205. In that case, the appellee sought to appropriate certain lands of the appellant for railroad purposes, under section 15 of the act of May 11th, 1852, 1 R. S. 1876, p. 696, which provides, that, upon filing the

act of appropriation, the court or a judge shall appoint three disinterested freeholders of the county to appraise the damages which the owner of the land may sustain by such appropriation ; and also provides what injuries shall be considered in assessing such damages, and that such assessment shall be returned to the clerk of the court. When the assessment is returned into court, the award may be reviewed by the court, upon exceptions filed by either party within ten days after filing such award. The act further provides, " That notwithstanding such appeal, such company may take possession of the property therein described, as aforesaid, and the subsequent proceedings on appeal shall only affect the amount of compensation to be allowed." Up to this stage the proceedings are *ex parte.* So far, the act provides no opportunity for the owner of the land to appear and contest the proceedings. It was held, therefore, by this court, that the proviso which stated that the subsequent proceedings on appeal shall only affect the amount of compensation to be allowed, " must be construed to mean the proceedings subsequent to the establishment of the regularity of the appropriation." Otherwise, the regulating of the appropriation, as to the existence of such corporation, the number of appraisers, the regularity of their appointment, their qualifications, as being freeholders of the county, the correctness of the survey, and the manner of assessing the damages, could not be questioned by the defendant at all. Any other construction than that which the court gave to the proviso would deny the owner of the land " his day in court," which would be incompatible with justice, and in direct violation of the constitutional provision which declares, that " All courts shall be open ; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law." Const., art. 1, sec. 12. To allow a railroad company to survey a piece of land, appropriate it to its own use, take possession of it,

and hold it against the owner, without giving him any " day in court" to defend his property, except as to the amount allowed, would not be giving him a " remedy by due course of law." This construction of the railroad act is similar to what is enacted in the ditching act, under which this case is decided, namely: " If the party thus appealing is not a member of the association, he may insist in such appeal upon any legal objection to the assessment, or any part of it; if he is a member of the association, he shall not be allowed to make any objection to the assessment, except such as relates to the amount of the same." The distinction between restricting a defence against a corporation by one of its members, who has constructive, if not actual, notice of its proceedings, and is bound by its corporate acts, and who has before had his right of appeal, and not taken it, and restricting a defence by a person who is not a member of the corporation, and therefore not bound by its acts, and has before had no right of appeal, is the distinguishing difference between the case cited and the one we are deciding, and seems to us to be plain. We have thought it necessary to say thus much, that the two cases may not be confounded in principle. *Gulick* v. *Connely,* 42 Ind. 134.

The judgment is reversed, at the costs of the appellee; cause remanded, with instructions to sustain the motion for a new trial, and to sustain the demurrers to the fourth and fifth paragraphs of answer, and for further proceedings.