No. 6995.

The Liberty Township Draining Association v. Watkins et ux.

Draining Association.—*Action by, Against Member for Assessment.*— *Defence.*—A member of a draining association is restricted, by section 21 of the act of March 10th, 1873, 1 R. S. 1876, p. 418, in his defence, in an action by the association for the assessments of his benefits, to such only as relate to the amount thereof.

Same.—*Married Woman.—Could not be Member of such Association.—Coverture.—Practice.*—A married woman, prior to the act of March 25th, 1879, could not become a member of a draining association incorporated under said act of March 10th, 1873, by signing its original articles of association; and, not being a member thereof, was not restricted in her defence, in a suit against her for the assessment of benefits, to such objections only as related to the amount thereof.

Same.—*Evidence.—Public Utility.—Benefits.*—On such trial, it would be erroneous to permit such association to prove the public utility of the work, and the benefits her land would receive.

Pleading.—*Written Instrument.— Copy.—Variance.*— Where there is a variance between the description of a written instrument in a pleading, and a copy of such instrument therewith filed, the copy controls, and will be presumed to be right until the contrary is shown.

Rehearing.— *Supreme Court.— Practice.*— A rehearing will not be granted to enable the parties to present questions for the first time, when it appears that they are such as should, and might have been, presented on the original hearing of the cause.

From the Henry Circuit Court.

*M. E. Forkner*, for appellant.

*J. H. Mellett* and *E. H. Bundy*, for appellees.

HOWK, J.—This was a suit by the appellant against the appellees to collect the amount of an assessment against the appellees' lands, in the appellant's favor and for its benefit. In its complaint the appellant demanded judgment for ninety-six dollars, and for the enforcement of its lien by virtue of said assessment on said lands, by the sale of the lands, or so much thereof as might be necessary to pay said sum, and for other proper relief. Among the facts stated in its complaint, the appellant alleged that it was a corporation, duly and legally organized under and pursuant to an act of the General Assembly of this State, entitled, "An act to authorize and encourage the construction of levees, dikes, drains and ditches, and the reclamation of wet and overflowed lands, by incorporated associations," etc., approved March 10th, 1873; and that the appellees, Maria L. Watkins and John J. Watkins, her husband, were "each members of said corporation, by virtue of their having signed its original articles of association."

The appellees answered in eleven paragraphs, of which the first was a general denial, and each of the other paragraphs stated affirmative matters by way of defence. To the eighth, ninth and tenth paragraphs, which were the separate answers of the appellee Maria L. Watkins, the appellant demurred upon the ground, as to each of said paragraphs, that it did not state facts sufficient to constitute a defence to the action, which demurrers were severally overruled by the court, and to these rulings the appellant excepted, and then replied to the answer by a general denial. The issues joined were tried by a jury, and a verdict was returned for the appellees; and the appellant's motion for a new trial having been overruled, and its exception entered to this decision, the court rendered judgment on the verdict.

In this court, the appellant has assigned as errors the following decisions of the circuit court:

1. In overruling its demurrers to each of the eighth and ninth paragraphs of the separate answer of the appellee Maria L. Watkins ;

2. In overruling its demurrer to the tenth paragraph of the separate answer of the appellee Maria L. Watkins ; and,

3. In overruling its motion for a new trial.

The first and second of these alleged errors may properly be considered together, as they present for decision substantially the same question. In each of the paragraphs of her separate answer, the appellee Maria L. Watkins alleged, as a fact, that, at the time she signed the appellant's articles of association, she was, and had been since, and then was, a married woman. This fact was evidently alleged in each of the said paragraphs of answer, upon the theory and assumption that the appellee Maria L. Watkins was not, and could not be, by reason of her coverture, a member of the corporation, notwithstanding the admitted fact that she had signed its articles of association. For, in each of the said paragraphs of her answer, she had stated matters by way of defence, which would not have been available to her as a member of the association, in defence of this action. If she was a member of the association, she would not be allowed, under the provisions of the statute as construed by this court, to make any defence to this action, except such as related to the amount of the assessment.

In the recent case of *The Liberty Township Draining Association* v. *Brumback*, 68 Ind. 93, after quoting the provisions of the statute, it was said by BIDDLE, J., speaking for the court: "As the party against whom an assessment is made, on such appeal, can make no defence to the the assessment except such as goes to its amount, it would logically follow, that, when sued upon the assessment, he would be restricted to the same defence ; for it would be useless to restrict him to such defence on appeal from the assessment, and afterward allow him to set up any defence.

to the association of which he was a member, when sued to recover the amount of the assessments."

The controlling question, therefore, presented for decision by the first and second alleged errors, may be thus stated : Could Maria L. Watkins, a married woman, become and be a member of an association incorporated under the above entitled statute of March 10th, 1873, by signing its original articles of association? It seems to us that this question must be answered in the negative, under the law of this State as it existed at the time the appellee Maria L. Watkins signed the articles of association under which the appellant was incorporated. It was alleged in the complaint that these articles of association, after they had been signed, were duly and legally recorded in the recorder's office of the proper county, on the 1st day of February, 1876. This action was tried and determined, and final judgment was rendered therein, in the appellee's favor, on the 3d day of March, 1877.

During all this time, and, indeed, until "An act concerning married women," approved March 25th, 1879, became a law of this State, it is very certain, we think, that a married woman could not lawfully do any act to encumber her separate real estate, "except by deed, in which her husband shall join." 1 R. S. 1876, p. 550, sec. 5 ; *Behler* v. *Weyburn*, 59 Ind. 143 ; *The American Insurance Co.* v. *Avery*, 60 Ind. 566. It was alleged in the complaint that the appellees were "each members of said corporation, by virtue of their having signed its original articles of association ;" but this allegation was not sustained by the copy of said original articles, which was filed with and made a part of the complaint. It appeared from this copy that the original articles of association were signed by the appellee Maria L. Watkins ; but it did not appear therefrom that her husband, John J. Watkins, had signed the original articles. In such a case, where there is a variance between the description of a written

instrument, in a pleading, and a copy of such instrument therewith filed, the rule is settled by the decisions of this court, that the copy controls, and will be presumed to be right until the contrary is shown. *Crandall* v. *The First National Bank of Auburn*, 61 Ind. 349.

Under the provisions of the above entitled act of March 10th, 1873, every person who became a member of a corporation organized thereunder became liable for such part of the cost of the contemplated improvement as might be assessed against him and his real estate affected thereby; and, under the statute, such assessments became "a lien on each and every tract of land described therein, for the amount of benefit assessed to such tract." 1 R. S. 1876, p. 423, sec. 19. Such was the legal effect of becoming a member of such a corporation. We are of the opinion, therefore, that the appellee Maria L. Watkins, by signing the appellant's articles of association, in the manner and at the time she did, could not and did not, under the law as it then existed, become a member of the appellant corporation, by reason of her coverture. Not being a member of the corporation, she was not restricted by the statute to such defences merely, as related to the amount of the assessment, but she had the right to insist upon any and every legal objection to the appellant's cause of action.

For the reasons given, our conclusion is that the court did not err in overruling the appellant's demurrers to the eighth, ninth and tenth paragraphs of answer.

Under the alleged error of the court, in overruling the motion for a new trial, the only points made by the appellant's counsel, in argument, are based upon the idea that the appellee Maria L. Watkins was a member of the appellant corporation. As we have reached the conclusion, that she was not a member of such corporation, we need not,

we think, consider or decide any of the points thus made. The motion for a new trial was properly overruled.

The judgment is affirmed, at the appellant's costs.

### ON PETITION FOR A REHEARING.

HOWK, J.—The appellant asks a rehearing in this case for the following cause:

"The court erred in the decision rendered in said cause, in deciding that the Henry Circuit Court did not err in over-ruling the appellant's motion for a new trial of said cause, in that court."

In discussing the alleged error of the court, in overruling the appellant's motion, counsel says: "Conceding that she" (the appellee Maria L. Watkins) "is not a member, and that the company has failed to give the proper number of notices, and she had not appealed, we were entitled to prove on the trial the public utility of the work, and the benefits her lands would receive, and the ruling out of this evidence was erroneous. It was offered both in the original and rebutting evidence, and the ruling assigned as a cause for new trial."

We are of the opinion that the court committed no error in excluding from the jury the offered evidence in question. The appellees were sued by the appellant, in this action, as "members of said corporation, by virtue of their having signed its original articles of association." In section 21 of the act of March 10th, 1873, under which act, as stated in the original opinion, the appellant alleged that it was duly and legally organized as a corporation, it is provided, among other things, in relation to an appeal from the assessment of benefits, that, if the party appealing "is a member of the association, he shall not be allowed to make any objection to the assessment, except such as relates to the amount of the same." 1 R. S. 1876, p. 424.

In *The Liberty Township Draining Association* v. *Brumback*, 68 Ind. 93, it was decided that this statutory provision is applicable, also, to suits by the corporation against its members for the collection of assessments, and will limit and confine them to such defences only as relate to the amount of their assessments.

It seems clear, therefore, that, under the allegation of the appellant's complaint in the case at bar, that the appellees were members of the appellant corporation, the evidence on both sides, as well for the appellant as for the appellees, was properly limited by the court to such as related to the amount of the assessment. All other evidence would be inapplicable to the case made by the complaint, and would seem to be immaterial and irrelevant.

The only other ground for a new trial, alluded to even by the appellant's counsel, in his original brief, was, that the verdict of the jury was not sustained by the evidence. We think, however, that this ground for a new trial was not well assigned. The evidence did not even tend to prove the case made by the allegations of the appellant's complaint; and, therefore, the verdict for the appellees was right on the evidence.

In conclusion, we may properly remark that a rehearing will not be granted, to enable parties, or their counsel, to present questions for decision for the first time, when it appears that the questions are such as ought to have been, and might have been, presented on the original hearing of the cause. *The Board, etc., of Lawrence Co.* v. *Hall*, 70 Ind. 469.

The court did not err, we think, in overruling the appellant's motion for a new trial of this cause.

The petition for a rehearing is overruled, at the appellant's costs.