No. 17,216.

## KIZER v. THE TOWN OF WINCHESTER.

MUNICIPAL CORPORATION.—*Sewer Assessment.* — *Enforcement.*— *Complaint.*—*Presumption.*—In actions to enforce sewer assessment liens it will be presumed that the appraisers discharged the duties enjoined upon them by statute, and assessed benefits to each and all lots and parts of lots benefited by the proposed work.

SAME.—*Sewer.*—*Act of 1867.*—*Notice.*—*Constitutional Law.*—The act of the Legislature of 1867 (3392 *et seq.*, R. S. 1881), relating to the construction of sewers, is not void for failure to provide for notice to the property-owner affected or assessed for benefits.

From the Randolph Circuit Court.

*J. W. Thompson,* for appellant.

*J. Canada,* for appellee.

JORDAN, J.—Appellee, an incorporated town, under the laws of this State, constructed a sewer in pursuance of an act of the Legislature of 1867, the same being sections 3392, 3393, and subsequent ones of article seven of R. S. 1881. This action to enforce the lien created by the assessment of benefits for the construction of the above sewer against the real estate of appellant, was commenced by appellee under section 3400, R. S. 1881. The complaint contains sixteen paragraphs, each alleging facts, fully showing that all the required steps necessary to create the lien were taken by the municipal authorities, in accordance with the statute in question. A copy of the report, or schedule, of the appraisers who assessed the benefits, was filed with and made a part of the complaint. Appellant, by a demurrer, called in question the sufficiency of each of the paragraphs, and the only error assigned necessary for the consideration of this court is based upon the overruling of the demurrer. Appellant's grounds are:

First. That there are no allegations in the complaint which show that all the lots that were benefited by the construction of the sewer were assessed, and that there is nothing attached to or made a part of the appraiser's report which shows that they did assess all the lots that were benefited by the proposed improvement.

Second. That the statute under which the sewer was constructed, is unconstitutional, being in conflict with section twelve (12) of the bill of rights of the constitution of this State, which provides, in effect, that every person shall have a remedy by due course of law, and likewise antagonistic to section 1 of article 14 of the federal constitution, wherein it is provided that no State shall deprive any person of property without due process of law. We will consider the questions raised and discussed by the learned counsel for appellant, in their order. In each paragraph of the complaint it is averred that the appraisers were appointed in accordance with section 3393, *supra.* Section 3400, *supra,* reads as follows: "The said lien created by this act on the said lots or parts of lots by the assessment shall be in favor of the said town in which such lots are situated, and the same may be enforced by an action in the name of the town in any court of competent jurisdiction; and in such action the presumption of law shall be that all the provisions of this act have been complied with; and the only defense that the defendant shall be allowed to set up in said action shall be that he has paid the amount with which said lots or parts of lots are charged, and that said lots, or parts of lots, are not benefited to the amount assessed against the same." Under this section appellant in this action was restricted, and only permitted to raise the objections, or make the defenses therein stated, and the court is required to presume that there has been a compliance with the provisions of the law by

those charged with the administration thereof.  Hence it follows that it must be presumed that the appraisers discharged the duties enjoined upon them by the statute, and assessed benefits to each and all lots or parts of lots benefited by the proposed work.

Appellant controverts the validity of this section, but that its enactment was a valid and legitimate exercise of legislative power is well settled and can not be successfully called in question. *Liberty Township, etc.,* v. *Brumback,* 68 Ind. 93; *Liberty Township, etc.,* v. *Watkins,* 72 Ind. 459; *Sims* v. *Hines,* 121 Ind. 534; *Boyd* v. *Murphy,* 127 Ind. 174; *Reeves* v. *Grottendick,* 131 Ind. 107.

It follows that there is no merit in appellant's first contention, and the complaint, in this respect, must be held sufficient.

The second question raised, namely, that in as much as the statute in controversy makes no provision for notice, and gave appellant no opportunity to contest in any way the validity of the proceedings had in the construction of the sewer or creation of the lien, it is, therefore, subject to the constitutional infirmities alleged against it by him.  While it is true that neither the State nor Federal constitution will give its sanction to a law under which a lien can be conclusively imposed upon property and the title of the owner divested without first giving him notice and affording him an opportunity to be heard in some tribunal competent to administer adequate relief, nevertheless it is also true and firmly settled that it is competent for the Legislature, and it has the right to prescribe the kind of notice and the time when it shall be given, as well as the tribunal before which the hearing may be had.  Upon an examination of the statute assailed by appellant, it is evident that he errs in his contention that the law provides for no notice nor gives

the property owner an opportunity to be heard and defend against the enforcement of the lien. Section 3398 of the statute provides for a notice to be given, by the town treasurer, that the tax, or benefits assessed, are in his hands for collection, while section 3400, *supra*, as we have seen, provides that the lien shall be enforced in a court of competent jurisdiction.

Such an action can only be commenced in pursuance of notice to the owner of the pendency thereof, and in a court in which an ample opportunity is afforded to the defendant to be heard in any of the defenses allowed by that section. The person aggrieved is, under this statute, notified of the assessment, and also given his day in court, and in no way does it tend to deprive him of his property without due course or process of law. The following cases fully support the conclusion we have reached: *Garvin* v. *Daussman*, 114 Ind. 429; *Johnson, etc.,* v. *Lewis*, 115 Ind. 490; *McEneney* v. *Town of Sullivan*, 125 Ind. 407, and cases cited; *Barber Asphalt Paving Co.* v. *Edgerton*, 125 Ind. 455.

It must, therefore, be held that the statute in question is valid, and that the court did not err in overruling the demurrer to the complaint.

The judgment is affirmed at appellant's cost.

Monks, J., took no part in the decision of this case.

Filed April 11, 1895; petition for rehearing overruled Sept. 18, 1895.