———o———

## Jones and Others v. Theiss and Others.

BOARD OF COUNTY COMMISSIONERS.—*Appeal from.*—*Turnpikes.*—Application to the board of county commissioners for permission to organize an association and construct a gravel road, under the act of 1865 (Reg. Sess. p. 90). A paper called a defense was filed by persons alleged therein to be owners of land which would be subject to be taxed for the construction of the proposed road, urging objections to the application. The application was granted. Appeal to the circuit court, where, on motion of the appellees, the appeal was dismissed.

*Held,* that an appeal might have been taken under section 31, 1 G. & H. 253, by filing with the county auditor an affidavit as required by that section; but,

*Held,* also, that as it did not appear that any such affidavit was filed, or that the persons taking the appeal were. in a legal sense parties to the proceedings before the commissioners, the appeal was properly dismissed.

*Query,* whether the commissioners might admit persons having an interest in the subject of the application to make themselves parties defendants, upon proper petition verified by affidavit.

APPEAL from the Fayette Circuit Court.

ELLIOTT, J.—Theiss and others, the appellees, filed written petitions to the several boards of commissioners of the counties of Wayne, Union, and Fayette for permission to organize an association and construct a gravel road, under the provisions of the act of 1865, commencing at the north east corner of section 11, township 15, range 13; thence, on the section line, south three miles, in Wayne county; thence

on the county line between the counties of Wayne and Union, one mile, to section 26; thence on the county line between the counties of Union and Fayette, to the Bentonville and Milton pike, being the termination of said proposed road, &c.  The permission prayed was granted by the boards of commissioners of Wayne and Union counties. When the application came up for hearing before the board of commissioners of Fayette county, Jones and others appeared before the commissioners and filed a paper called a defense, in which several objections were urged to the application; among others, that the proposed road was not of public utility.  It was also alleged that the appellants were the owners of land within three-fourths of a mile of the proposed road, which would be subject to be taxed for the construction thereof should the permission be granted. The record states that "the board, having examined the premises, overruled said defense to said application."

The board of commissioners also found that the proposed road would be of public utility, and granted the prayer of the petition.  The appellants thereupon appealed to the circuit court.

The appellees appeared in the circuit court and moved to dismiss the appeal for want of jurisdiction in said court, and also because no appeal lies from the action of the commissioners in such cases.  The motion was sustained and the appeal dismissed, to which the appellants excepted.  This ruling is assigned for error.

The statute under which these proceedings were had does not require any notice of the application, nor does it contain any provision for a defense or other adversary proceedings, nor for an appeal from the decision of the board of commissioners.

Whether the commissioners would be authorized to admit persons having an interest in the subject of the application to make themselves parties defendants, upon a proper petition verified by affidavit, we do not determine, as the record before us does not present such a state of facts.

We think, however, that the appellants might have appealed from the decision of the board of commissioners. under section 31, 1 G. & H. 253, by filing with the county auditor an affidavit as required by that section. But, as it does not appear that the appellants were, in a legal sense, parties to the proceedings before the commissioners, nor that any such affidavit was filed, the circuit court did right in dismissing the appeal.

The judgment is affirmed, with costs.

*J. B. & J. F. Julian*, for appellants.

*B. F. Claypool*, for appellees.