SWINDLER and Others *v.* THE MONROVIA AND BELLEVILLE GRAVEL ROAD COMPANY and Others.

COUNTY COMMISSIONERS.— *Appeal.*— *Gravel Road.*—Any person interested might appeal from the decision of a board of county commissioners appointing assessors under the act of March 11th, 1867, to assess benefits expected to result to lands from the construction of a gravel road. But there could be no party to the proceeding before said board but the gravel road company; and before an appeal can be taken from the decision of such board

by a person not a party, he must file his affidavit of interest in the office of the county auditor, as provided by section 31, 1 G. & H. 253.

APPEAL from the Hendricks Circuit Court.

The Monrovia and Belleville Gravel Road Company filed a petition before the board of commissioners of Hendricks county, under the act of March 11th, 1867 (Acts 1867, p. 167), for the appointment of three disinterested freeholders of the county, to assess the amount of benefits that would result from the construction of the road of said company to the lands within one mile and a half on either side of said road and within the like distance of the north end thereof (the south end being in Morgan county). The appellants presented a remonstrance to the board, against the appointment of said assessors, setting forth a number of reasons why they should not be appointed. On motion of said company, the remonstrance was rejected, on the ground that the filing thereof was not authorized by law. The board then heard proof, and found in favor of the petition, and appointed said assessors. The appellants filed an appeal bond, which was approved by the auditor, who made a transcript of the papers, which was filed in the circuit court as an appeal. The circuit court, on motion of said company, dismissed the appeal, and judgment was rendered against the appellants for costs.

FRAZER, J.—We think that any one interested may appeal from the decision of the board of commissioners appointing persons, under the act of March 11th, 1867, to assess benefits to land, expected to result from the construction of a gravel road. The case of *Jones* v. *Theiss,* 30 Ind. 311, seems to us to cover the question, and the principle declared in *Hanna* v. *Commissioners,* &c., 29 Ind. 170, is applicable; and, it may be added, it is of the highest importance to the rights of those interested and very essential to the protection of their interests, that an appeal should in such cases be allowed.

But the gravel road company is the only party to the proceedings before the commissioners. The law gives no right of remonstrance there, and hence there can be no adverse party in that tribunal. It follows that there must be an affidavit of interest in the matter on the part of the appellant filed with the auditor before such appeal can be taken. 1 G. & H. 253, sec. 31. As that was not done in this case, the court below was correct in dismissing the appeal. *Jones* v. *Theiss, supra.*

Affirmed, with costs.

*C. C. Nave,* for appellants.

*L. M. Campbell,* for appellees.