THE PENDLETON AND EDEN TURNPIKE COMPANY ET AL. *v.* BARNARD.

TURNPIKE.—*Assessors.*—Assessors appointed under the act of March 11th, 1867, to assess the benefits of a proposed turnpike, can only view, list, and assess the lands in the county where they are appointed.

SAME.—*Pleading.*—*Injunction.*—Where it is shown, in a complaint to enjoin the collection of turnpike assessments, on the ground of failure to assess all the lands within the limits provided by statute, that the turnpike extends into two or more counties, it must also be shown that the lands omitted are situated within the county where the injunction is sought, and that the lands omitted were liable to be assessed.

SAME.—*County Commissioners.*—*Record.*—*Presumption.*—It is not necessary that it should appear by the record of the board of commissioners that a turnpike company, for which assessments have been made under said act of 1867, had a subscription of eight hundred dollars per mile, or that the company was organized under the act of May 12th, 1852. It will be presumed that the commissioners were satisfied of the existence of these facts before proceeding to act upon the petition.

APPEAL from the Hancock Circuit Court.

DOWNEY, J.—The appellee sued the appellants, to enjoin the collection of certain assessments made for the construction of the road of the company under the act of March 11th, 1867. The objections urged against the proceedings resulting in the assessments are:

The Pendleton and Eden Turnpike Company *et al. v.* Barnard.

First. Because the assessors did not view all of the lands within one and one-half miles of said company's road on either side thereof, or within like distance of the terminus thereof.

Second. Because the assessors did not make a list of all the lands within one and one-half miles of said road, on either side thereof and within like distance of the terminus thereof, and assess the amount of benefits that would result to each tract of land within said bounds from the proper construction and maintenance of said turnpike road, and report the same to the auditor, etc.

Third. Because it does not appear by the record of the commissioners' court, that at the time of the appointment of said assessors, the company had a subscription of stock of eight hundred dollars per mile, and not sufficient to complete the construction of the road, nor that said company was organized under the act of May 12th, 1852.

The second section of the act in question provides that only the lands in the county where the assessors have been appointed are to be viewed, listed, etc., by them. While it is alleged in the complaint that the assessors did not view, list, and assess all the lands within one and a half miles of the road, on either side thereof, or within a like distance of the terminus thereof, it is not shown that the lands so omitted are within the county, or that they are liable to assessment. It appears that the road extended into both Hancock and Madison counties. The assessors appointed in one county could not assess lands in another county. There is nothing in the first or second objection.

As to the third objection, we think it is too narrow. It is, that it does not appear on the record of the board of commissioners that the company had a subscription of eight hundred dollars per mile, nor that the company was organized under the act of May 12th, 1852. These facts need not necessarily appear on the record of the board. We see that they are averred in the petition which was presented to the board. The board granted the prayer of the peti-

tioners, and we think we ought to presume that the board satisfied itself of the existence of these two important facts before granting the request of the petitioners. It is not alleged that they did not do so, or that such facts did not exist, but only that they do not appear by the record.

There is another question presented and discussed, relating to the sufficiency of the second paragraph of the answer, but as the complaint is insufficient, we need not examine the question relating to the sufficiency of this paragraph of the answer.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.

*R. A. Riley, A. W. Hough, B. F. Love,* and *B. F. Davis,* for appellants.