## DOBSON *v.* THE DUCK POND DITCHING ASSOCIATION.

PRACTICE.—*Assignment of Error.*—An assignment of error cannot enlarge a motion for a new trial.

DRAINING ASSOCIATION.—*Assessment.*—*Pleading.*—An action to . enforce the collection of an assessment for the construction of a drain is based upon the assessment, and not upon the articles of association. The filing of a copy of the articles does not make them a part of the complaint.

SAME.—*Filing Bond with Clerk.*—*Practice.*—If it is a valid objection that a bond has not been filed with the clerk of the circuit court by the association, it is remedied by filing one on the trial.

APPEAL from the Hendricks Common Pleas.

BUSKIRK, J.—This was an action by the appellee against the appellant, to enforce an assessment for the construction of a drain.

The court overruled a demurrer to the complaint, and appellant excepted.

There was issue, trial by the court, finding for the appellee, motion for a new trial made and overruled, and judgment on the finding.

There are seven assignments of error, but only two of them present any question, and they are, the overruling of the demurrer to the complaint and the motion for a new trial. The others would have been valid reasons for a new trial, but they were not assigned as such. The motion for a new trial cannot be enlarged by an assignment of error. The only reasons assigned for a new trial were, that the finding was contrary to law and not supported by the evidence. The questions, therefore, discussed by counsel for appellant, as to the admission of incompetent evidence and the amendment of the complaint on trial, do not arise in the record. The only questions for our decision are, whether the court erred in overruling the demurrer to the complaint, and whether the finding was sustained by sufficient evidence.

Several objections are urged to the complaint:

1. That the articles of association filed with the complaint do not sufficiently show the *termini*, course, and distance of the main ditch and the branches. It is well settled, by repeated decisions of this court, that such an action as this is, is based upon the assessment, and not on the articles of association, and that the filing of such articles does not make them a part of the complaint. The question, therefore, sought to be raised does not properly arise in the record.

2. That it is not shown that there was a survey and estimate of the cost of the construction before the commencement of the work and the making of the assessment. The objection is not sustained by the record. The fact was averred in the complaint and proved on the trial. *The Excelsior Draining Company* v. *Brown*, 38 Ind. 384, and cases there cited.

3. That it is not shown that the appellee had filed a bond with the clerk of the circuit court, as required by the statute. If the objection was ever valid, it was remedied by an amendment on the trial.

We think there was no error in overruling the demurrer to the complaint.

It remains to inquire whether the finding was sustained by

the evidence. We have carefully read all the evidence, and find that it is very full and complete upon every point in the case. We think the finding was fully sustained by the evidence.

The judgment is affirmed, with costs.

*C. C. Nave* and *C. A. Nave*, for appellant.

*L. M. Campbell*, for appellee.