Alexander *et al. v.* The McCordsville and Clarksville Gravel Road Co.

ALEXANDER ET AL. *v.* THE MCCORDSVILLE AND CLARKSVILLE
GRAVEL ROAD COMPANY.

APPEAL.—*County Commissioners.*—*Turnpike.*—Under the statute, 1 G. & H. 253, sec. 3, providing that an appeal from the board of county commissioners by a person not a party to the proceedings shall not be allowed unless he file an affidavit "setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest," an appeal was taken to the circuit court from a decision of the board granting the petition of a gravel road company for the location of a gravel road on a highway and for the assessment of the benefits to lands within one mile and a half of the line of the proposed gravel road, upon the filing of an affidavit setting forth that the affiants were the owners of lands within one mile and a half of the line of said road and would be affected by the grant of right of way and said assessment, and were personally interested in the matter of the petition.

*Held,* that the affidavit was defective, because it did not state that affiants were aggrieved by the decision of the board, and that the appeal was properly dismissed.

*Held,* also, that it did not follow that the appellants were aggrieved by the decision of the board, because, as stated in their affidavit, they were the owners of land which might be assessed.

SAME.—Where a petition of a gravel road company for the assessment of benefits to lands is presented to the board of county commissioners, an appeal lies, in favor of a person aggrieved, from the decision by said board of the following questions: 1. Whether the company is organized pursuant to law. 2. Whether the company has a valid and solvent subscription of at least three-fifths of the estimated cost of the proposed road. 3. Whether the estimate of cost has been made by a competent and disinterested civil engineer. *The Pendleton, etc., Co.* v. *Barnard,* 40 Ind. 146, and *Trustees of the Town of Princeton* v. *Manck,* 35 Ind. 51, explained.

SAME.—*Parties.*—*Semble,* that where an appeal is taken from the decision of the board of county commissioners by the remonstrants against the granting of the petition of a gravel road company for right of way and assesment of benefits to lands, on the ground that they are parties to the proceedings, all the remonstrants should be united in the appeal.

SAME.—*Discretionary Power of Commissioners.*—*Semble,* that the discretionary power to grant the right of way upon a highway to a gravel road company is exclusive in the board of county commissioners, from the exercise of which there is no appeal.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson,* for appellants.
*D. Moss* and *F. M. Trissal,* for appellee.

Alexander *et al. v.* The McCordsville and Clarksville Gravel Road Co.

DOWNEY, C. J.—At the March session, in 1872, of the board of commissioners of Hamilton county, the appellee presented to said board a petition representing that the company was a corporation organized pursuant to the laws of the State; that by the articles of association of the company, it was proposed to construct a gravel road in the counties of Hancock and Hamilton, in this State; that the directors of the company had located said road upon a line described in the petition, extending a distance of six and three-eighths miles; that a portion of said road passed over a public highway, and asking to be permitted to construct said road upon said highway; that the company had a valid and solvent stock subscription of four thousand and nine hundred dollars; that an estimate of the cost of the road had been made by a competent and disinterested civil engineer, who estimated three-fifths of the cost of the construction of the same at four thousand seven hundred and eighty-three dollars and ninety-three cents; and praying that all the lands within one and a half miles of said road on either side, and within a like distance of the commencement and termination of the same, be assessed, so far as the same are located in said county of Hamilton, for the purpose of aiding in the construction of said road. The company also presented to the board a copy of its articles of association and of the said estimate of the cost of construction of said road.

The board made an order stating that it was satisfied that the said company was legally organized; that it had a valid and solvent subscription amounting to more than three-fifths of the estimated cost of construction; and granting the right of way as asked in the petition, so far as the said road lay upon a public highway; also, that the company was granted an assessment of benefits to be made according to law, and the auditor was authorized to notify the assessors of the order so made, and to direct them to proceed to make the said assessment for said company, and to report the same according to law.

After this order was made, J. W. Evans appeared and

filed an affidavit, upon which the board granted a rehearing of the matter, to take place at a subsequent day of the session. Thereupon a remonstrance by several persons interested was filed, and also an answer by them consisting of several paragraphs. Upon the rehearing, the board confirmed what had been previously ordered by it, and again granted the right of way and ordered the assessment. Thereupon the appellants, William Alexander, Henderson Brown, and Alpheus Clark, filed an affidavit, on their own behalf as well as on behalf of their co-remonstrants, stating that they were owners of lands within one and a half miles of the line of the proposed road, and would be affected by the granting of the right of way and assessment, and were personally interested in the matter of the petition of the said corporation for right of way and assessment, and asking an appeal to the Hamilton Circuit Court from the decision of the board granting the right of way and assessment. They also filed an appeal bond, which is marked approved by the auditor. It does not appear whether the board granted the prayer for an appeal or not, except as may be inferred from the fact that the papers were filed in the office of the clerk of the circuit court.

In the circuit court, as shown by a bill of exceptions, the company moved to dismiss the appeal, for the following reasons:

1. There never was any cause of action before the board of commissioners, from which the appeal was taken, nor any decision rendered by the board in said cause to which said plaintiffs were parties.

2. There was no affidavit filed with the county auditor by said plaintiffs or either of them, nor by any person or persons on their behalf, showing that said plaintiffs had or have any interest in the matter decided by said board of commissioners, from which the appeal was taken.

3. There never was any cause of action or matter presented to said board of commissioners by said plaintiffs, so that said board had any thing to hear or determine.

Alexander *et al. v.* The McCordsville and Clarksville Gravel Road Co.

4. The action of the board of commissioners, in granting the petition of the defendants for an assessment of lands to be benefited by the construction of the gravel road proposed to be constructed by the defendant, was final, and no appeal therefrom is authorized by law.

This motion was sustained by the court, and the appeal was dismissed. This ruling of the court is the error of which complaint is made.

It is to be desired that there was less inconsistency in the rulings of this court than there is, on the question as to the right of appeal from the board of commissioners. The language of the statute is sufficiently general to authorize such appeal in all cases when there is not some controlling reason to the contrary. It is provided, that "from all decisions of such commissioners there shall be allowed an appeal to the circuit or common pleas court, by any person aggrieved; but if such person shall not be a party to the proceedings, such appeal shall not be allowed, unless he shall file in the office of the county auditor his affidavit setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest." 1 G. & H. 253, sec. 31.

So far as the granting of the right to locate the gravel road upon the highway is concerned, there would seem to be no ground on which an appeal should be allowed. The statute under which this grant is asked and made is section 4, 1 G. & H. 475. The matter is apparently exclusively vested in the board of commissioners. It is their discretion which is to be exercised, and not that of an appellate court. This question was so decided in *Dudley* v. *The Blountsville and Windsor Turnpike Co.*, 39 Ind. 288. As to the right of appeal in the other matter, we think, in a proper case, an appeal may be taken and sustained. Such seems to be the effect of the cases decided by this court under similar statutes to that now in force. See *Swindler* v. *The Monrovia, etc., G. R. Co.*, 33 Ind. 160; *Jones* v. *Theiss*, 30 Ind. 311, and *Hanna* v. *The Board of Commissioners, etc.*, 29 Ind. 170. When a

petition for an assessment of benefits to lands, with a view to the construction of a gravel road or turnpike, is presented to a board of commissioners, it is not to be granted as a matter of course, but important questions must be first decided by the board, questions which are judicial in their nature.

1. It must appear that the company making the application is organized pursuant to some act of this State authorizing the construction of macadamized and gravel roads.

2. The company must have a valid and solvent subscription of at least three-fifths of the estimated cost of construction of the road.

3. The estimate must have been first made by a competent and disinterested civil engineer.

We do not see why a party aggrieved by the decision of the board upon these questions may not lawfully appeal.

Counsel for appellee refer us to *The Pendleton, etc., Co.* v. *Barnard,* 40 Ind. 146. It that case, however, it was only decided that the fact that the company had the required subscription and was duly organized need not appear on the records of the board of commissioners. It was not ruled that these questions must not be decided by the board, and nothing was decided as to an appeal. We are also referred to *Trustees of the Town of Princeton* v. *Manck,* 35 Ind. 51. That case was decided, however, upon the peculiar phraseology of the act authorizing the proceeding.

The appeal in the case under consideration was not taken, we presume, by the appellants, on the ground that they were parties to the proceedings before the board. If it was taken on that ground, it would seem to have been necessary that all those who remonstrated and answered with them should have united in the appeal. But the appeal was taken, we suppose, because the affidavit filed by the appellants before the board was supposed to authorize the same. The statute requires that the affidavit shall set forth that the party asking the appeal "has an interest in the matter decided,"

and, also, "that he is aggrieved by such decision, alleging explicitly the nature of his interest."

The affidavit filed in this case states that the appellants were "owners of lands within one and a half miles of the line of the proposed road, and would be affected by the granting of the right of way and assessment, and were personally interested in the matter of the petition of the said corporation for right of way and assessment." The affidavit does not state that the appellants were aggrieved by the decision of the board, as is required by the statute. It does not follow, because they owned lands which might be assessed, that they would be aggrieved by the decision of the board. The affidavit being thus defective, there was no error in dismissing the appeal.

The judgment is affirmed, with costs.