## EVANS ET AL. *v.* THE CLERMONT AND SALEM GRAVEL ROAD COMPANY ET AL.

PLEADING.—*Articles of Association.*—In an action to enjoin the collection of an assessment for gravel road purposes, the articles of association of the

Evans *et al. v.* The Clermont and Salem Gravel Road Co. *et al.*

company are not a part of the complaint, and though filed therewith cannot be noticed as a part thereof.

INJUNCTION.—*Gravel Road Assessment.*—*Articles of Association.*—In an action to enjoin the collection of a gravel road assessment, it cannot be objected that one terminus of the road was not stated in the articles of association, or that the company had not a valid subscription of three-fifths of the estimated cost of construction. Such questions must be passed upon by the board of commissioners before an assessment is ordered, and in a collateral proceeding it will be presumed that the board decided correctly, unless the contrary appears by the record.

GRAVEL ROAD.—*Assessment.*—*List of Lands.*—If assessors appointed to assess benefits from the construction of a gravel road do not list and report all the land lying within the prescribed limits of the road, their assessment will be void.

SAME.—*Injunction.*—*Pleading.*—A complaint to enjoin the collection of a gravel road assessment, which alleges that the assessors did not assess all the lands within the limits prescribed by the statute, does not show the assessment to be invalid.

SAME.—*Assessors.*—Where the board of county commissioners have ordered an assessment to be made of benefits from the construction of a gravel road, and the auditor has sworn two assessors who have acted and served as such, it will be presumed, i· the absence of anything to the contrary, that they were the proper assessors.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellants.

*L. M. Campbell,* for appellees.

WORDEN, J.—Complaint by the appellants against the appellees, to enjoin the collection of assessments for gravel road purposes. Demurrer to the complaint for want of sufficient facts sustained, and exception. Judgment for defendants. The question presented is, whether error was committed in sustaining the demurrer. We may observe that the articles of association of the company are filed as an exhibit to the complaint, but as they are not the foundation of the action, they are not properly made an exhibit, nor can they be noticed as a part of the pleading. *The Excelsior Draining Co.* v. *Brown,* 38 Ind. 384; *The Etchison Ditching Association* v. *Busenback,* 39 Ind. 362; *Dobson* v. *The Duck Pond Ditching Association,* 42 Ind. 312.

There are several grounds stated in the complaint for enjoining the collection of the assessments, which we will proceed to consider without setting out the complaint at large, it being too voluminous for insertion here.

The association was alleged to have been formed in the year 1870, and the assessments were made under the provisions of the act of 1869. 3 Ind. Stat. 538. The articles of association are alleged to have been filed March 5th, 1870.

It is alleged that one terminus of the road was not stated in the articles of association, that the estimated cost of the construction of the road was five thousand six hundred and thirty dollars, and that the company had not a valid and solvent subscription of three-fifths of that amount.

These objections cannot be made in this collateral way. It is necessary to the due organization of a plank, etc., road company, that the place to and from which it is proposed to construct the road be stated in the articles of association. 1 G. & H. 474, sec. 1.

"When a petition for an assessment of benefits to lands, with a view to the construction of a gravel road or turnpike, is presented to a board of commissioners, it is not to be granted as a matter of course, but important questions must be first decided by the board, questions which are judicial in their nature.

" 1. It must appear that the company making the application is organized pursuant to some act of this State authorizing the construction of macadamized and gravel roads.

" 2. The company must have a valid and solvent subscription of at least three-fifths of the estimated cost of construction of the road.

" 3. The estimate must have been first made by a competent and disinterested civil engineer." *Alexander* v. *The McCordsville, etc., Gravel Road Co.,* 44 Ind. 436. See 3 Ind. Stat. 538, sec. 1.

The questions, whether the company is duly organized, which includes the question whether the articles of association state the place to and from which it is proposed to con-

struct the road and the line of the route, whether a due estimate of the cost of the work has been made, and whether the company has the requisite subscription, must be passed upon by the board of commissioners before an assessment can be ordered. And when the regularity of the proceeding is attacked collaterally, as in this case, it will be conclusively presumed that the board not only decided them, but decided them correctly, unless the contrary appears by the record of the board. *The Board of Commissioners of Clay County* v. *Markle,* 46 Ind. 96. This view disposes of the objections to the assessments thus far considered.

It is alleged that the report of the assessors was returned "without stating therein that they had viewed *and* assessed all the lands lying within one and one-half miles of the Clermont and Salem gravel road, and of the ends thereof, in said county of Hendricks and State of Indiana. In fact, said assessors did not assess all the lands lying within one and one-half miles on either side of said proposed gravel road, and within the like distance of the ends thereof, but have omitted to assess several tracts of land within that distance in Marion and Hendricks counties, of great value."

It is, doubtless, the duty of the assessors to list and report all the land lying within the prescribed limits of the road; otherwise the assessment will be void. *Hardwick* v. *The Danville, etc., Gravel Road Co.*, 33 Ind. 321; *The Greensburgh, etc., Turnpike Co.* v. *Sidener,* 40 Ind. 424, and cases there cited.

But the assessors are neither required nor authorized to assess any land which, in their opinion, will not be benefited by the construction of the road. The allegation that they did not assess all the land within the specified distance is consistent with a valid and proper assessment. There may have been valuable lands lying within the distance prescribed that would in no way be benefited by the road.

It is not alleged that the assessors did not view, list and return all the lands, but that they did not assess all the lands. This objection to the assessment is not well taken.

The assessment was made by two assessors.

The complaint alleges that the board of commissioners "did grant the prayer of said petitioners, and ordered that the assessors of benefits of lands proceed to make the assessment prayed for. And afterwards, to wit, two persons, one by the name of Job Hadly, and the other by the name of Thomas Branson, without intimating that they, or either of them, were American citizens, or freeholders of the county of Hendricks, and without even attempting to disclose where or in what part of said county they did reside; yet, in the absence thereof, the auditor of said county did, on, etc., duly affirm said Hadly and Branson" as such assessors, who afterwards filed their report.

It is not alleged that Hadly and Branson were not the regular assessors provided for by the second section of the act of 1859, nor that they had not the necessary qualifications, nor that they did not reside in the proper commissioners' districts.

The board having ordered the assessment to be made by the assessors, and the auditor having sworn these two men to the faithful discharge of their duty as such, and they having acted as such, it will be presumed, in the absence of anything alleged to the contrary, that they were the proper assessors.

Circumstances may have rendered it entirely proper for two assessors to make the assessment. Three are provided for by the second section of the act above cited; but one may have been interested, in which case the board might have appointed a disinterested freeholder of his district to act in his stead, or the assessment might have been made by the other two, if no such appointment was made. *Turpin* v. *The Eagle Creek, etc., Gravel Road Co.,* 48 Ind. 45.

Moreover, we do not see any reason why the provision in 2 G. & H. 337, sec. 1, second clause, that "words importing joint authority to three or more persons shall be construed as authority to a majority of such persons, unless otherwise declared in the law giving such authority," should not apply to the case. *Piper* v. *The Connersville, etc., Turnpike Road*

*Co.*, 12 Ind. 400; *Cicero Hygiene Draining Co.* v. *Craig-head*, 28 Ind. 274.

What we have said, we believe, disposes of all the objections to the assessment made in the complaint, and we are of opinion that no error was committed in sustaining the demurrer.

Of course, we decide nothing upon the effect of the repealing act of March 13th, 1875 (Acts 1875, Reg. Sess. 80), as the questions here involved relate to the law as it stood at the time the decision below was made.

The judgment below is affirmed, with costs.