Million *et al. v.* The Board of Commissioners of Carroll County *et al.*

---

## No. 10,036.

## MILLION ET AL. *v.* THE BOARD OF COMMISSIONERS OF CARROLL COUNTY ET AL.

FREE TURNPIKE ROADS.—*Act of March 3d, 1877.—County Board.—Judicial Powers and Duties.—Decisions and Orders.—Collateral Attack.*—Under the act of March 3d, 1877, "authorizing boards of county commissioners to construct gravel, macadamized, or paved roads, upon petition," etc., which should be "free of toll" (sections 5091 to 5103, R. S. 1881), such county boards are clothed with original jurisdiction, and are required to exercise judicial powers and duties in relation to the location, establishment and construction of such free roads; and the decisions and orders of such county boards, in proceedings instituted under such act, are not the subjects of collateral attack, but are conclusive and final except upon an appeal therefrom to the circuit court of the county.

SAME.—*Omitted Lots or Lands.—Addition and Re-apportionment.—Change in Improvement.—Power of County Board.*—Under section 5095, R. S. 1881, the county board is authorized, after the final order for the improvement has been made, where there has been an omission of benefited lots or lands from the assessment, to make such addition and re-apportionment as it may deem just and proper, and such change in the improvement as will conform the same to public requirement.

SAME.—*Informality, Error or Defect.—Complaining Party.—Complaint.*—Under section 5102, R. S. 1881, the party complaining of any informality, error or defect appearing in the record of the county board, in any such proceeding, must show in his complaint that he is injuriously affected thereby, and in what respect, and that the same can not be corrected by the county board, before he can be permitted to take advantage of such informality, error or defect, by an action in the circuit court.

From the Carroll Circuit Court.

*J. Applegate* and *C. R. Pollard,* for appellants.

—— *Nelson* and —— *Odell,* for appellees.

HOWK, J.—In this case the joint demurrer of the appellees, the defendants below, to the appellants' complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, was sustained by the court. To this ruling the appellants excepted, and, refusing to amend their complaint, the court rendered judgment against them for the appellees' costs, and that they take nothing by their suit herein.

In this court the only error assigned by the appellants is the decision of the circuit court in sustaining the demurrer to their complaint.

The appellants, forty-three in number, alleged in substance in their complaint, that they, the appellants, were the owners respectively of real estate in Carroll county, Indiana, upon which the appellee, the board of commissioners of said county, had assumed to levy a tax for the construction of a gravel road, and to that end had assessed against each of the appellants, and his real estate, particularly described, the sum following his name and the particular description of his real estate; that, without the knowledge or consent of the appellants, or any of them, the appellee, the board of commissioners,

had caused all said assessments against their said lands and against the appellants to be placed upon a special duplicate, provided by the auditor of Carroll county, and had caused such duplicate to be placed in the hands of the appellee, the county treasurer; that such duplicate was still in the hands of such county treasurer; that the board of commissioners had ordered and directed the county treasurer to proceed to collect said assessments, by levy, sale and distraint of the appellants' property, and by sale of the lands upon which the assessments were made, if necessary; that the appellee, the county treasurer, threatened, and, unless restrained by the order of the court, would at once proceed, to collect such assessments according to law, and according to the order of the appellee, the board of commissioners, whereby the appellants would be deprived of their lands, and would suffer great and irreparable injury.

The appellants further alleged that the said assessments were illegal, fraudulent and void, for the following reasons:

1st. Because the appellee, the county board, did not at any time acquire jurisdiction, for the reason that the petition presented to the board was not signed by five land-holders whose lands would or could be assessed for the cost of the improvement; that the petition did not state the kind of improvement prayed for; that upon the presentation of such petition, and upon the filing of a bond, the county board did not appoint three disinterested freeholders of the county as viewers; that three viewers were appointed and directed to meet at the office of the county auditor, on August 2d, 1880, but notice was not given by publication, in a newspaper printed in the county, for three consecutive weeks next prior to said meeting, of the time and place thereof; that the only publication made terminated on July 21st, 1880, and, after that day, it was not published in any newspaper printed in the county; that the notice so given did not state the kind of improvement prayed for; that the viewers so appointed met at the auditor's office, upon the day appointed, and assumed to enter upon the dis-

charge of their duties as such, but failed, neglected and refused, then and afterwards, to take an oath or affirmation faithfully and impartially to discharge the duties of their appointments respectively ; that the viewers did not view, examine, lay out or straighten the road prayed for, as, in their opinion, public utility and convenience required; nor, in doing what they did in the premises, did they pay any regard to public utility and convenience, but, in so far as in their power, attempted to establish the road strictly in accordance with the petition; that the viewers assessed no damages in consequence of the taking of private property, for the making of said improvement, to any minor, idiot, or lunatic ; that at the next regular session of the county board the viewers made a report to the board, but the surveyor or engineer did not join in such report; that the report failed to show whether there was any or what public necessity for the contemplated improvement, and what lots or lands would be benefited thereby; that upon the return of said report, and a petition for the improvement signed by many persons, the county board entered upon its record an order that the improvement be made, and directed the establishment of a road upon the line and between the points prayed for, and directed that it should be constructed of gravel, sixteen feet in width and fifteen inches in depth. And the appellants averred that a large majority of the signatures so appended to said petition were not made to the petition so presented, but were made to another and different paper writing, and were, without their knowledge or consent, detached from said paper writing and attached to said petition, which fact was unknown to the appellee, the county board, at the time they acted upon said petition, and, therefore, they assumed all the signatures so appended to the petition to be genuine signatures thereto, and heard no proof upon the question, and were thus and thereby deluded and defrauded.

And the appellants alleged that for the fraudulent purpose of making it appear that a majority of the resident landholders of the county, whose lands were to be benefited by,

and ought to be assessed for, said improvement, and that the owners of a majority of the whole number of acres of land had signed said petition, the viewers omitted in their report the names of fifty land-holders, resident along the proposed improvement, whose lands would be benefited thereby, and who ought to be assessed, and also omitted from their report 5,000 acres of land, lying along and within two miles of the proposed improvement, and which would be benefited thereby, and, in like manner, omitted the names of all land-holders and all lands lying south of the southern extremity of said proposed road, and within two miles thereof, although there were at such extremity, and within two miles thereof, 1,000 land-holders and 4021 acres of land, all of whom and which would be benefited by the proposed improvement; that if said viewers had fully and truly reported all land-holders and all lands which lay within two miles of the proposed improvement, it would at once have been apparent that only a very small minority of the resident land-holders, to be benefited by the improvement and within two miles thereof, had signed said petition, and that only a minority of the owners of the whole number of acres to be benefited by the improvement and within two miles thereof had petitioned for such improvement; that a majority of the resident land-holders of the county, whose lands were reported as benefited and as liable to be assessed, and a majority of the owners of a majority of the whole number of acres of all lands that were reported as benefited and liable to be assessed, were found as subscribers to the petition only by counting, as a subscriber and petitioner for such improvement, one Abner H. Bowen, a resident land-holder of the county, who owned many thousands of acres of lands within two miles of the proposed improvement, upon the east side of the Wabash river, all of which would be benefited and ought to be assessed for such improvement; that the said Abner H. Bowen subscribed the petition solely upon condition that his lands should not be assessed for the expenses of said improvement, but that the expenses thereof,

which should be borne by his lands under the law, should be borne, under his contract with the board of commissioners, by the lands of the appellants and others.

The appellants further said that the petition was not, and did not purport to be, signed by a majority of the resident land-holders of the county, whose lands would be benefited and would be liable to assessment, nor by the owners of a majority of the whole number of acres of all lands that would be benefited and liable to assessment, but the same was signed only by the legal representatives of such land-holders and lands, or by persons who described themselves as such representatives in the petition; that the signers of said petition were not the legal representatives of the real estate within two miles of the proposed road, and of a majority of the resident land-holders of the county, whose lands would be benefited and subject to assessment, and were not the legal representatives of the owners of a majority of the whole number of acres of land which would be benefited and ought to be assessed; that said petitioners were not the legal representatives of any person who had a right to be heard in reference to the contemplated improvement, and, if they had been such representatives, they acquired thereby no right to petition for said road, and conferred upon the county board no jurisdiction to order said improvement by such petition.

2d. Because the board of commissioners, after it had entered upon its record an order that the improvement be made, stating the kind of improvement to be a bed of gravel, 16 feet in width and 15 inches in depth, advertised for and received bids for the construction of the improvement; but, because none of said bids were within the amount of benefits assessed, they refused to and did not accept any of them, and refused to and did not advertise for other bids for the construction of such improvement; that, although public necessity and requirement did not demand any change in the manner of the improvement as ordered, and although the board did not find or adjudge that there was any such public neces-

sity or requirement for alteration in the manner of the improvement, and made no order or record for such alteration, yet the board assumed to and did let the contract afterward for another kind of improvement, to wit, for a bed of gravel but 9 feet in width and and only 12 inches in depth, except upon that portion of the road between the corporate limits of the city of Delphi and the iron bridge across the Wabash river, about one-half mile, where the depth of the gravel was to remain 15 inches; that such alteration in the width and depth of the gravel bed was wholly opposed to public interest, necessity and requirement, and that the road, thus constructed, will not be adequate to the wants of the public, who were accustomed to and would have occasion to travel thereon, and would be of no public utility whatever. Wherefore the appellants asked that all the proceedings relative to the proposed improvement might be declared fraudulent, null and void, and the board of commissioners be prohibited from taking any further action in the premises; that the treasurer of Carroll county be forever enjoined from collecting or attempting to collect said assessments; that the entry thereof, upon the special duplicate as aforesaid, be declared void and of no effect; that it be judicially declared and determined that the assessments so entered upon such duplicate constitute no lien whatever upon the lands against which they were assessed, and that they have other proper relief.

This suit was commenced by the appellants on the 15th day of April, 1881. From the facts stated in the complaint it is manifest that the proceedings, of which the appellants complain, were had by and before the board of commissioners of Carroll county, under the provisions of the act of March 3d, 1877, authorizing county boards "to construct gravel, macadamized, or paved roads, upon petition of a majority of resident land-owners along and adjacent to the line of any road," etc. Acts 1877, Reg. Sess., p. 82, sec. 5091, *et seq.*, R. S. 1881. Section 1 of the act referred to (sec. 5091, R. S. 1881) provides that "The board of commissioners of any county in

this State shall have power, as hereinafter provided, to lay out, construct, or improve, by straightening, grading, draining (in any direction required to reach the most convenient and sufficient outlet), paving, gravelling, or macadamizing any State or county road, or any part of such road, within the limits of their respective counties."

Section 2 of the same act (sec. 5092, R. S. 1881) reads as follows: "Upon the presentation of a petition stating the kind of improvement prayed for, and the points between which the same is asked, signed by five or more of the land-holders whose lands will be assessed for the cost of the improvement, and the filing of a bond, signed by one or more responsible freeholders, to whom the petitioners shall be responsible *pro rata*, conditioned for the payment of the expenses of the preliminary survey and report, if the proposed improvement shall not finally be ordered, the board of commissioners shall appoint three disinterested freeholders of the county as viewers, and a competent surveyor or engineer to proceed, upon a day to be named by the commissioners, to examine, view, lay out, or straighten said road, as in their opinion public convenience and utility require."

We are of opinion that under the provisions of the aforesaid act of March 3d, 1877, the boards of commissioners of the several counties in this State are clothed with original jurisdiction and required to exercise judicial powers and duties in relation to the location, establishment and construction of free gravel, macadamized or paved roads in their respective counties. It is clear, therefore, that, in the matters complained of in the case in hand, the board of commissioners of Carroll county had jurisdiction of the subject-matter of the petition mentioned in the appellants' complaint. The presentation of this petition called into exercise the jurisdiction of the county board, and required the board to determine the question of the sufficiency of the petition, in form and substance, and whether or not such petition was signed by the requisite number of land-holders, whose lands would be assessed for

the cost of the proposed improvement, and every other fact, precedent or concurrent, necessary to the granting of the prayer of the petition. Nor was it necessary, we think, that the finding of these jurisdictional facts by the county board should be shown by its record, in express terms. It was enough if it appeared that upon the presentation of the petition and the filing of the proper bond, the county board appointed viewers and a surveyor or engineer to proceed as required by the statute. In *Bittinger* v. *Bell*, 65 Ind. 445, this court said : " It is not to be expected that the orders of a board of commissioners will be drafted with that degree of legal accuracy and precision of statement usually found in the orders, decrees and judgments of the circuit court. There are no established forms or precedents for the orders of a board of commissioners; and, if those orders are right in substance, their form will be of little consequence."

It was shown by the complaint in the case now before us that the board of commissioners of Carroll county, upon the presentation of the petition and the filing of the bond, did appoint three viewers, and directed them to meet, on a day named, at the office of the county auditor. In *Stoddard* v. *Johnson*, 75 Ind. 20, a case very much like the case in hand, and in which substantially the same relief was sought against proceedings had under the aforesaid act of March 3d, 1877, it was held by this court that " when an inferior tribunal is required to ascertain and decide upon facts essential to its jurisdiction, its determination thereon is conclusive as against collateral attack, and that, in such proceedings as that under consideration, the filing or presentation of the petition calls into exercise the jurisdiction of the board, and authorizes that body to determine, not only whether the petition is properly signed by the requisite land-owners, but every other fact necessary to the granting of the prayer of the petition; for instance, in this case, whether the proposed improvement, its kind, and the points between which it was to be made, and the like, were sufficiently stated. And it is not

necessary that the record of the board shall show an express finding upon such facts. Such finding will be presumed in support of the proceedings, if the record shows an order granting the petition or for the taking of the steps necessary to the accomplishment of the end designed. In this case the order for the appointment of the viewers and engineer, and fixing the time and place of their meeting, is equivalent to a finding of the facts necessary to have been found, and to an adjudication of the board, that the petition itself is sufficient. By the presentation of the petition, the judgment of the board upon its sufficiency was invoked, and their judgment in this respect, as much as in other respects, is exempt from collateral attack."

The doctrine here declared is fairly deducible from, and fully accords with, the law as expressed in a long line of decided cases in this court. *Evansville, etc., R. R. Co.* v. *City of Evansville,* 15 Ind. 395; *Snelson* v. *State, ex rel.,* 16 Ind. 29; *Spaulding* v. *Baldwin,* 31 Ind. 376; *Dequindre* v. *Williams,* 31 Ind. 444; *Ney* v. *Swinney,* 36 Ind. 454; *Pendleton, etc., Turnpike Co.* v. *Barnard,* 40 Ind. 146; *Worthington* v. *Dunkin,* 41 Ind. 515; *Gavin* v. *Graydon,* 41 Ind. 559; *Curry* v. *Miller,* 42 Ind. 320; *Board, etc.,* v. *Markle,* 46 Ind. 96; *Evans* v. *Clermont, etc., G. R. Co.,* 51 Ind. 160; *Markle* v. *Board, etc.,* 55 Ind. 185; *Faris* v. *Reynolds,* 70 Ind. 359; *Board, etc.,* v. *Hall,* 70 Ind. 469; *Miller* v. *Porter,* 71 Ind. 521; *Mullikin* v. *City of Bloomington,* 72 Ind. 161; *Hume* v. *Little Flat Rock Draining Association,* 72 Ind. 499; *Porter* v. *Stout,* 73 Ind. 3; *Houk* v. *Barthold,* 73 Ind. 21; *Muncey* v. *Joest,* 74 Ind. 409.

The doctrine declared in the cases cited is decisive of many of the questions attempted to be raised in the case at bar, adversely to the appellants. It establishes clearly and conclusively that the board of commissioners of Carroll county acquired and held complete jurisdiction of all the proceedings of which the appellants complain; and having acquired such jurisdiction over the subject-matter and the parties, the same liberal presumptions must be indulged in favor of the regularity and legality of the orders and proceedings of the county

board as are always indulged in favor of the judgments and proceedings of courts of general jurisdiction. Such orders and proceedings of the county board, in such a case, must be held to be final and conclusive, even though erroneous, and they can not be attacked in a collateral action such as the one now before us.

In section 5 of the aforesaid act of March 3d, 1877 (sec. 5095, R. S. 1881), it is provided that if, at any time after making the final order for the improvement, " the commissioners shall find that there has been an omission of lots or lands within the territory sought to be assessed, or that there has been manifest injustice in the apportionment of taxes, or that public necessity requires any alteration in the manner of the improvement as ordered, they are authorized to make such addition and reapportionment as they may deem just and proper and such change in the improvement as will conform the same to the public requirement." In *Ricketts* v. *Spraker,* 77 Ind. 371, in speaking of this provision of section 5, the court said : " The statute confers ample authority upon the commissioners to make all needed corrections and to supply all omissions. * * * * * For anything that appears, the commissioners may have added to the assessment roll the lands alleged to have been omitted. The presumption is that they did their duty and placed all the lands upon the list. It was at least incumbent upon the appellants to show, not only that the committee omitted lands, but that other public officers did not supply the omission." So, also, in *Stoddard* v. *Johnson, supra,* the court said : " The complaint charges numerous errors and defects in the reports of the original viewers, and of the committee of apportionment; as, for instance, that benefited lands had been omitted, and other tracts so defectively described as that the assessments made thereon were void. It is evident, however, that these and the like objections do not affect the jurisdiction, and, if true, constitute errors and irregularities which the law expressly authorizes the board to correct at any time."

It will be seen from the provision above quoted of section 5 that the alleged change in the proposed improvement by the county board was fully authorized by the statute. It will be presumed that the county board found, even if there be no record of such finding, that public necessity required the alteration in the manner of the improvement, and that the board made the change in the improvement to conform the same to the public requirement.

In the closing sentence of section 2 of the act (sec. 5092, R. S. 1881), it is provided that "The county auditor shall notify said viewers and surveyor of the time and place of their meeting to make said view, and shall also give notice, by publication in a newspaper printed in said county for three consecutive weeks, next prior to said meeting," etc. In this case it is conceded in appellants' complaint that notice was given by publication in a newspaper printed in the county, for three consecutive weeks; but it is claimed that the three weeks were not "next prior to said meeting." On this point it appears from the allegations of the complaint that between the close of the third week's publication and the day of the meeting a few days intervened. We think the publication of the notice was sufficient. *Muncey* v. *Joest, supra.*

In section 12 of the aforesaid act (sec. 5102, R. S. 1881), it is provided as follows:

"No person shall be permitted to take advantage of any error committed in any proceeding to lay out, construct, or improve any road under and by virtue of this act; nor of any error committed by the county commissioners or by the county auditor, or by the engineer or surveyor or other person or persons in the proceedings to lay out, construct, or improve any such road; nor of any informality, error, or defect appearing in the record of such proceeding, unless the party complaining is affected thereby."

Under this provision of the statute it is not enough for the complaining party to show that he is affected by the proceeding to lay out, construct or improve any road, but he must clearly

show, we think, that he is injuriously affected, and in what respect, by the informality, error or defect, of which he complains, in any such proceeding, and that the same can not be corrected by the county board, before he can be permitted to take advantage thereof by an action in the circuit court. No such showing was made, or attempted to be made, by the appellants in their complaint; although they pointed out therein many informalities, errors and defects, appearing in the record which the county board was fully authorized to correct, and claimed that the entire proceeding was thereby rendered void.

Our conclusion is that the court committed no error in the case at bar in sustaining the demurrer to the appellants' complaint.

The judgment is affirmed, with costs.